STATE OF NORTH CAROLINA v. HOMER MACK GUFFEY

No. 10

(Filed 14 March 1973)

1. Criminal Law § 18— trial upon warrant in superior court — prerequisites

A defendant may be tried in superior court upon a warrant only if there has been a trial and appeal from a conviction by an inferior court having jurisdiction. G.S. 15-137; G.S. 15-140.

2. Criminal Law §§ 16, 18—misdemeanor — jurisdiction of superior court derivative

The jurisdiction of the superior court in a case involving the operation of a motor vehicle on a public street while the operator's license issued a defendant was permanently revoked is derivative, and the trial in superior court for that charge upon the original warrant is a nullity where the record does not disclose that defendant was convicted and sentenced in district court for the offense; therefore, judgment of the court against defendant for violation of G.S. 20-28(b) is arrested.

3. Automobiles § 125; Indictment and Warrant § 12— warrant charging driving under the influence, fourth offense — trial in superior court for first offense — no error

Though defendant was tried and convicted in district court for driving under the influence, fourth offense, upon his appeal to superior court, he could be tried for driving under the influence, first offense, since the warrant charging him with a subsequent offense of driving under the influence would support a verdict of driving under the influence and since the change did not affect the nature of the charge against him but related only to punishment.

ON *certiorari* to the Court of Appeals to review its decision reported in 16 N.C. App. 444, 191 S.E. 2d 760 (1972), which found no error in defendant's trial before *Bailey, J.,* at the February 28, 1972 Session of ORANGE Superior Court.

On 18 September 1971 Magistrate H. W. Phelps, pursuant to an affidavit by Sergeant Wesley M. Boykin of the North Carolina Highway Patrol, issued a warrant charging defendant with operating a motor vehicle on a public street or highway while under the influence of intoxicating liquor, fourth offense, and operating a motor vehicle on a public street or highway while the operator's license issued to him was permanently revoked. The following endorsement appeared on the warrant: "Plea: (x) Not Guilty. Verdict: (x) Guilty." Neither the plea nor the verdict refers to any specific offense.

On 20 September 1971 defendant was tried before District Judge C. C. Cates, Jr., in Orange County. The judgment and commitment in District Court states in pertinent part:

"In open court, the defendant appeared for trial upon the charge or charges of Driving under influence 4th offense and thereupon entered a plea of not guilty.

"Having been adjudged guilty of the offense of Driving under influence 4th offense which is a violation of _____and of the grade of misdemeanor

"It is ADJUDGED that the defendant be imprisoned for the term of twelve months in the county jail assigned to work under the supervision of the Department of Correction."

The judgment and commitment do not refer to the disposition of the count of driving with a permanently revoked operator's license.

From this judgment defendant appealed to the Superior Court. At the 28 February 1972 Session of Orange Superior Court, defendant was tried on the warrant for both offenses charged therein. The solicitor elected not to attempt to establish prior offenses of driving under the influence of intoxicating liquor but tried defendant as for a first offense. The State offered ample evidence to sustain a verdict of guilty on each count in the warrant.

The jury returned a verdict of guilty on each count. The court sentenced defendant to six months' imprisonment for driving under the influence and to two years' imprisonment on the charge of driving while his operator's license was revoked. Defendant appealed to the Court of Appeals, and that court in an opinion by Judge Graham, concurred in by Judges Vaughn and Hedrick, found no error. On 13 December 1972 we allowed defendant's petition for a writ of *certiorari*.

*Attorney General Robert Morgan and Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Charles Lawrence James for defendant appellant.*

MOORE, Justice.

[1] "Except in misdemeanor cases initiated in the District Court Division, no person shall be put to answer any criminal

charge but by indictment, presentment, or impeachment." Constitution of North Carolina, Article I, Section 22. A defendant may be tried in superior court upon a warrant only if there has been a trial and appeal from a conviction by an inferior court having jurisdiction. G.S. 15-137; G.S. 15-140; *State v. Evans,* 262 N.C. 492, 137 S.E. 2d 811 (1964).

In *State v. Hall,* 240 N.C. 109, 81 S.E. 2d 189 (1954), this Court said that Sections 12 and 13 (now Sections 22 and 23) of Article I of the State Constitution provide, "in essence, that the Superior Court has no jurisdiction to try an accused for *a specific misdemeanor* on the warrant of an inferior court unless he is first tried and convicted for *such misdemeanor* in the inferior court and appeals to the Superior Court from the sentence pronounced against him by the inferior court on his conviction for *such misdemeanor." State v. Cofield,* 247 N.C. 185, 100 S.E. 2d 355 (1957); *State v. Morgan,* 246 N.C. 596, 99 S.E. 2d 764 (1957); *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283 (1952).

The district court has exclusive original jurisdiction for the trial of misdemeanors. G.S. 7A-272. The warrant in this case charges a violation of G.S. 20-138 and of G.S. 20-28(b); both are misdemeanors. There are no jury trials on criminal charges in district court, but upon appeal trial *de novo* in superior court is by jury. G.S. 7A-196(b); G.S. 15-177.1.

[2] The record in this case fails to disclose that defendant was tried, convicted and sentenced in the district court for operating a motor vehicle on a public street or highway while the operator's license issued to him was permanently revoked, a violation of G.S. 20-28(b). To the contrary, the judgment in district court recited only that defendant pled not guilty to a charge of driving under the influence, fourth offense, and was convicted and sentenced for that offense.

The Superior Court of Orange County has no original jurisdiction in a case involving a violation of G.S. 20-28(b), one of the offenses for which defendant was convicted in that court. The jurisdiction of the superior court in such cases is derivative, and since the record does not disclose that defendant was convicted and sentenced in district court for this offense, the Superior Court of Orange County was without jurisdiction to try him, and the trial in the superior court for that charge upon the original warrant is a nullity. *State v. Evans, supra.*

"In this Court where the lack of jurisdiction is apparent, the Court may, and will, on plea, suggestion, motion or *ex mero motu*, stop the proceeding." *State v. King*, 222 N.C. 137, 22 S.E. 2d 241 (1942).

It should be noted that this jurisdictional question was not raised before the able trial judge in the superior court, nor was it raised in the Court of Appeals. Hence, neither of those courts passed upon this question.

It is possible, of course, that defendant was regularly tried in the district court and was convicted on each count in the warrant but was only sentenced on the driving while intoxicated charge, in which event the district court could still impose sentence on the count charging a violation of G.S. 20-28(b). It is also possible that he was only tried upon the driving while intoxicated count, in which event he could still be tried for a violation of G.S. 20-28(b). We cannot speculate, however, as to what occurred in district court, but must base our decision upon the record as we find it. *State v. Patterson*, 222 N.C. 179, 22 S.E. 2d 267 (1942).

The record in this case is another example of the improper use of forms and the consequent failure to keep a full and complete record of the trial. Due to this failure, we are unable to determine that the superior court tried this defendant for a violation of G.S. 20-28(b) under jurisdiction derived by appeal from the district court—the only way in which such jurisdiction could have been acquired on that charge. Therefore, the judgment of the court on this count must be and is arrested.

[3] The warrant in this case also charges defendant with operating a motor vehicle on a public street or public highway "while under the influence of intoxicating liquor, this being his fourth offense as the defendant was convicted of the third offense in the Superior Court Div., Rutherford County, on 7-3-1962." Defendant was convicted and sentenced in district court for a fourth offense. In superior court defendant was tried and convicted for a first offense of driving under the influence. Defendant now contends that upon his appeal to the superior court from the conviction and judgment pronounced by the district court for driving under the influence, fourth offense, that the trial in superior court had to be for the offense on which defendant had been convicted and that the superior court had no right to amend the warrant and try the defendant on the

State v. Guffey

offense of driving under the influence, first offense. This contention is without merit. The trial court did not amend the warrant. Even if amended, the amendment would not have changed the nature of the offense—driving an automobile upon a public highway while under the influence of intoxicating liquor—and would have related only to punishment. *State v. Broome,* 269 N.C. 661, 153 S.E. 2d 384 (1967) ; *State v. White,* 246 N.C. 587, 99 S.E. 2d 772 (1957) ; *State v. Stone,* 245 N.C. 42, 95 S.E. 2d 77 (1956) ; G.S. 20-179. A warrant charging defendant with a second or subsequent offense of driving under the influence would support a verdict of driving under the influence. *State v. Stone, supra.* The fact that the State did not introduce evidence of prior convictions went only to the question of punishment, enured to the benefit of defendant and was not prejudicial to him.

In addition to the questions discussed above, defendant in his petition for *certiorari* states: "That the defendant asks the Court to review the assignments of error brought forward by his counsel in the Court of Appeals and contends that there is merit therein." Defendant does not allege wherein the Court of Appeals erred in connection with other assignments of error brought forward by his counsel in that court. Therefore, there is nothing for us to review. *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353 (1968). Even so, we have examined these assignments and find them to be without merit.

For the reasons stated the decision of the Court of Appeals finding no error on the charge of operating a motor vehicle upon a public highway or street while under the influence of intoxicating liquor is affirmed.

The judgment on the charge of operating a motor vehicle on a public street or public highway while the operator's license issued to him was permanently revoked is arrested.

Modified and affirmed.