STATE OF NORTH CAROLINA v. GENE HERBERT CHAPPELL

No. 7314SC373

(Filed 23 May 1973)

**Automobiles § 125; Criminal Law § 18— appeal to superior court — change in warrant — judgment of superior court arrested**

    Where defendant was arrested, tried and convicted in district court for permitting a person under the influence of intoxicating liquor to operate his automobile but the warrant was altered after trial in district court and before any evidence was heard in superior court so that defendant was tried and convicted in superior court on a warrant charging him with driving while under the influence, judgment of the superior court must be arrested since a defendant may be tried upon a warrant in superior court only after there has been a trial and appeal from a conviction by an inferior court having jurisdiction. G.S. 15-137; G.S. 15-140.

APPEAL by defendant from *Bailey, Judge,* 20 November 1972 Session of Superior Court held in DURHAM County.

Defendant, Gene Herbert Chappell, was charged in a warrant with operating a motor vehicle on a public highway of this State while under the influence of intoxicating liquor.

Defendant pleaded not guilty and was found guilty by the jury. From a judgment imposing a jail sentence of thirty days, defendant appealed.

*Attorney General Robert Morgan and Associate Attorney General Howard A. Kramer for the State.*

*Stubbs, Biggs & Cole by Irvin P. Breedlove, Jr., for defendant appellant.*

HEDRICK, Judge.

Defendant first assigns as error the denial of his motion to quash the warrant.

The record discloses that after pleading not guilty and prior to the introduction of any evidence, defendant made the following motion:

"I would like to move that the indictment which Mr. Gene Chappell is charged under is defective, in that the indictment shows that he was charged with permitting an intoxicated person to drive his car, and further, that he was never arraigned before a Magistrate under the charge of driving under the influence; that not being so arraigned under the language of driving under the influence that he was never really notified of what he was charged until the actual change of this warrant at the time of trial in the Lower Court."

The trial judge examined the affidavit and warrant and denied the motion.

Defendant is charged in an "Affidavit and Warrant" on a printed form containing twelve separate charges for motor vehicle vioations. A blank square appears before each printed charge. The following instruction appears on the form: "Charges Opposite Unmarked Squares Are To Be Disregarded As Surplusage." The printed form contains no charge for the offense of permitting a person under the influence of intoxicating liquor to operate a motor vehicle; however, the form in the present case contains the following hand printed charge: "20-138 Permitting An Intoxicated Person To Drive." An "x" appears in the square immediately preceding this handwritten charge which has been lined through. An "x" appears in the square opposite the charge of driving while under the influence of intoxicating liquor. The affidavit appears to have been signed by B. L. Walters on 19 October 1972 and the warrant issued by Audrey P. Merritt, Magistrate, that same day.

A motion to quash lies only for a defect appearing on the face of a warrant or indictment. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972).

Although there is evidence in the trial record tending to show that defendant was arrested for permitting a person under the influence of intoxicating liquor to drive his automobile, there was nothing in the record, when Judge Bailey denied the motion to quash, to show when, where or by whom the alteration, apparent on the face of the warrant, was made. In the

absence of a showing to the contrary, there is a presumption that such alteration was made before the warrant was issued. *State v. Bethea,* 9 N.C. App. 544, 176 S.E. 2d 904 (1970). However, the record on appeal shows to the contrary for the "Case on Appeal" contains the following pertinent statement:

> "The defendant was tried upon an Affidavit and Warrant charging him with permitting an intoxicated person to drive and said Affidavit and Warrant later being amended to the charge of driving while under the influence of intoxicating liquor on the 19th day of October, 1972."

Obviously the warrant was altered after trial in the district court and before any evidence was heard in the superior court. Therefore, the record indicates defendant was tried and convicted in the district court for permitting a person under the influence of intoxicating liquor to operate his automobile and appealed to the superior court where he was tried and convicted on a warrant charging him with driving while under the influence.

Only after there has been a trial and appeal from a conviction by an inferior court having jurisdiction may a defendant be tried upon a warrant in superior court. G.S. 15-137; G.S. 15-140. The jurisdiction of the superior court in a case involving the operation of a motor vehicle upon a pubic highway while under the influence of intoxicating liquor is derivative and the trial in superior court for that offense upon the original warrant is a nullity where the record fails to reveal that defendant was tried and convicted in district court for the same offense. *State v. Guffey,* 283 N.C. 94, 194 S.E. 2d 827 (1973).

If the State is so advised, it may proceed against defendant on a proper warrant charging him with operating a motor vehicle on a public highway while under the influence of intoxicating liquor.

Judgment arrested.

Judges CAMPBELL and BRITT concur.