STATE OF NORTH CAROLINA v. GARRY DWAIN MABRY

No. 7320SC446

(Filed 13 June 1973)

1. **Automobiles § 126— Motor Vehicle Department records — admissibility in driving under the influence, second offense, case**

   In a prosecution for driving under the influence, second offense, the trial court erred in allowing the State to introduce records of the Department of Motor Vehicles in an attempt to prove defendant's first conviction for driving under the influence.

2. **Automobiles § 129— driving under the influence, second offense — failure to submit lesser offense — error**

   When it is alleged and there is evidence tending to show that defendant is guilty of a second offense of operating under the influence, the court should submit the question of defendant's guilt or innocence of operating under the influence and operating under the influence, second offense; failure to submit an issue as to guilt of the lesser offense constituted error requiring a new trial.

APPEAL by defendant from *Seay, Judge,* 20 November 1972 Session of Superior Court held in STANLY County.

Defendant was tried upon a warrant alleging that on 7 June 1972 he operated a vehicle upon the public highways while under the influence of intoxicating liquor. The warrant alleged that it was his second offense. Defendant was found guilty as charged.

*Attorney General Robert Morgan by William W. Melvin and William B. Ray, Assistant Attorneys General, for the State.*

*Gerald R. Chandler for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward numerous assignments of error. We will refer to those which require a new trial.

[1] Where a statute provides more severe punishment in case of repeated convictions for similar offenses the State must allege and prove, by competent evidence, the earlier convictions. Whether there was an earlier conviction is for the jury and not the court. *State v. Cole,* 241 N.C. 576, 86 S.E. 2d 203. A duly certified transcript of the record of the earlier conviction, upon proof of the identity of the offender, is sufficient evidence of the first conviction. G.S. 15-147. In the present case the State

did not utilize the relatively simple statutory method of proving the first conviction but attempted to do so by introducing, over defendant's objection, a record of the Department of Motor Vehicles prepared under the provisions of G.S. 20-42. Records of the Department of Motor Vehicles are not competent to prove the contents of the records of a court of law. The effect of G.S. 20-42(b) is to provide merely that properly certified copies of the Department's records are admissible in like manner as the original thereof. Such records of the Department are competent to prove, among other things, the status of an individual's license with the Department and actions previously taken by the Department. The admission of the Department records as evidence in this case constituted prejudicial error.

[2]  It was also error for the court to instruct the jury so as to permit them to return only two possible verdicts: a verdict of guilty as charged (second offense) or not guilty. "A warrant charging defendant with a second or subsequent offense of driving under the influence would support a verdict of driving under the influence." *State v. Guffey,* 283 N.C. 94, 194 S.E. 2d 827. When it is alleged and there is evidence tending to show that defendant is guilty of a second offense of operating under the influence, the court should submit the question of defendant's guilt or innocence of operating under the influence and operating under the influence, second offense. *State v. Stone,* 245 N.C. 42, 95 S.E. 2d 77.

For the reasons stated there must be a new trial.

New trial.

Judges BROCK and HEDRICK concur.