STATE OF NORTH CAROLINA v. ERNEST RAYMOND HARDY AND DENNIS RAY HARDY

No. 80

(Filed 4 September 1979)

1. **Arrest and Bail § 6; Assault and Battery § 4— assault on police officer—resisting police officer—separate offenses**

   The charge of resisting an officer who is discharging a duty of his office, G.S. 14-223, is not a lesser included offense of the charge of assaulting a law enforcement officer while he is discharging a duty of his office, G.S. 14-33(b)(4); however, the facts in a given case might constitute a violation of both statutes, but defendant could not be punished twice for the same conduct.

2. **Arrest and Bail § 6.1— assault on police officer charged in warrant—conviction of resisting officer—no jurisdiction of court to enter judgment**

   Where defendants were charged with assaults upon two police officers, the trial court was without jurisdiction to enter judgment upon verdicts convicting defendants of resisting arrest by those officers, since resisting arrest is not a lesser included offense of assaulting a police officer.

3. **Arrest and Bail § 6.2; Assault and Battery § 15.4— assault on police officer and resisting officer charged—failure to require election—conviction of resisting officer—no double jeopardy**

   Although the trial court erred in not requiring the State to elect at the close of the evidence between the charges of resisting and assaulting a police officer and in submitting the issue of defendants' guilt of resisting as a lesser degree of the offense of assaulting the officer, such errors were harmless, since (1) defendants were properly charged in valid warrants with resisting the officer, (2) defendants were convicted of only one crime, resisting, and the double jeopardy rule was therefore inapplicable, and (3) the trial court acquired jurisdiction of the resisting charge when defendants appealed all their convictions in the District Court.

   Justice BROCK did not participate in the consideration or decision of this case.

State v. Hardy

ON defendants' petition under 7A-31 for discretionary review of the decision of the Court of Appeals, reported in 33 N.C. App. 722, 236 S.E. 2d 709 (1977), affirming the judgments entered by *Webb, J.*, at the 30 August 1976 Session of the Superior Court of CRAVEN County, docketed and argued as Case No. 113 at the Fall Term 1977.

On 7 May 1976 defendant Dennis Ray Hardy was charged in separate warrants with threatening Officers King (76CR4704) and Hall (76CR4710), a violation of G.S. 14-277.1; assaulting Officers King (76CR4706), Hall (76CR4708), and Mylette (76CR4707), in violation of G.S. 14-33(b)(4); and resisting Officer Hall (76CR4709), in violation of G.S. 14-223. At the same time, separate warrants were issued for defendant Ernest Raymond Hardy charging him with threatening Officers Hall (76CR4711) and Mylette (76CR4713); assaulting Officers Hall (76CR4715) and Mylette (76CR4714); and resisting arrest by Officer Hall (76CR4712).

In the District Court each defendant was convicted as charged and appealed to the Superior Court, where evidence for the State tended to show the following facts:

At approximately 6:00 p.m. on 7 May 1976, Randy Hall, uniformed officer of the Havelock Police Department, was driving his patrol car on Highway 70 East near the city limits when he observed a gold Chevrolet force a church activity bus onto the shoulder while passing. Officer Hall pulled in behind the car and stopped it after having watched it weave from one lane to the other for an appreciable distance and, at one point, run off the shoulder of the road.

As Hall approached the car, Ernest Hardy got out on the driver's side and his brother Dennis emerged from the other. The officer was not acquainted with either. Hall instructed Dennis to return to his seat and he did. Ernest, who stumbled when leaving the car, walked to the rear of the vehicle with his hand on the car. A strong odor of alcohol emanated from him. When Hall asked him for his license and registration card, Ernest asked him for a "break" and declared that "he had not had much to drink."

At Hall's request, Ernest agreed to go through a sobriety test. His performance was not satisfactory and Hall informed him he was under arrest for driving under the influence of alcohol.

Ernest's reply was, "You are not going to arrest me." Hall placed his hand on Ernest's arm and told him he would have to go with him. As Ernest jerked away from Hall, Dennis jumped out of the car and started toward them, ignoring Hall's instruction to return to the car. Ernest then swung at Hall and struck his arm. When Hall responded to the blow by pushing Ernest against the car, Dennis grabbed Hall's right arm and told the officer to leave his brother alone. Dennis also had a strong odor of alcohol about him, and he too appeared to be under the influence. Hall told Dennis he was under arrest for obstructing an officer, and Dennis jumped on Hall's back.

In the fight which ensued, Ernest and Dennis struck Hall several times while the officer tried to fend off the blows. During the melee, the three slid down a grassy embankment into the ditch beside the car, where the Hardy brothers continued beating Hall, promising to teach him a lesson, and threatening to kill him. Hall managed to extricate himself from the ditch and run to the front of the Chevrolet, where he hastily called for assistance on his walkie-talkie. The Hardys pursued Hall and resumed the fight. Again, the three rolled into the ditch, where Ernest and Dennis repeatedly struck Hall's head, arms and chest and choked him. Dennis tried to claw his eyes out and both continued to tell him they were going to kill him. Several motorists stopped and watched the fight. However, none attempted to help him at that time.

When Sergeant Mylette arrived in uniform in response to Hall's frantic request for aid, Ernest had him "in a headlock" and Dennis "had his hand up in Hall's face." Dennis obeyed Sergeant Mylette's order to stand by the car, but Mylette had to forcibly restrain Ernest, who was still threatening to kill Hall. At this point, Ernest "went wild" and attacked Mylette, who was unable to subdue him. Two private citizens came to his aid, and the three finally managed to handcuff him. In the meantime, Dennis jumped on Hall again. Hall wrestled Dennis down onto his stomach and was holding him there when Sergeant King, a plain clothes detective whom the defendants knew to be a police officer, arrived and helped him handcuff Dennis. Dennis continued kicking and screamed that he would teach Hall and King a lesson and that he would "get them" and their families. Dennis told King that he knew who he was; that he had people who would take care of him;

and that he was a son of a bitch. King had known both defendants for two years and believed them capable of carrying out such a threat.

King and Hall carried Dennis to Hall's patrol car while Dennis kicked their legs and knees. When they tried to put him inside the car, Dennis kicked Mylette's face. Ernest, who was already in the car, used his feet in an effort to prevent the officers from putting Dennis inside. After the Hardy brothers were finally inside the patrol car and the door was closed, they attempted unsuccessfully to kick out the side windows and the plexiglass shield between the front and back seat.

Although they were armed, at no time did Officers Hall, Mylette or King ever use a weapon to subdue the defendants. During the ride to New Bern to take defendants to the breathalyzer operator, the men continued to scream and repeat their threats "to get" the officers and their families. When Hall read defendants "their rights," they told him they did not want to hear about "their rights." When the various warrants were served upon defendants, Ernest threw the warrants at the Magistrate and made obscene remarks to him.

The testimony of Officers Hall, King and Mylette was substantially the same. All three testified that defendants' threats caused them concern because they believed they would carry out the threats made against their lives and families. The testimony of Mr. Charles Strunk and Major Joe Stone, U.S.M.C., retired, the two passersby who witnessed the disturbance and came to the aid of the officers, corroborated the testimony of the police officers.

Defendants' evidence consisted of the testimony of Ernest Hardy, which tended to show: When Officer Hall grabbed him and told him he was under arrest, Ernest jerked away. Hall then planted a blow on the side of his face which knocked him down and "out for a couple of minutes." When he regained consciousness Ernest saw Dennis and Hall wrestling in the ditch. He arose to help Dennis, thinking he had come to his rescue after Hall had assaulted him. Ernest insisted that he never attempted to hit Hall until after Hall had first hit him; that ten days after the incident he underwent surgery for the reduction of a fracture

of the left malar bone; and that on the evening in question he "blew 16" on the breathalyzer.

In the Superior Court, all warrants were consolidated for trial. The jury found each defendant guilty as charged on the two counts of threatening an officer (Cases No. 4704, 4710, 4711 and 4713). In each of the cases in which Dennis Hardy was charged with assaulting Officers King, Mylette and Hall (Nos. 4706, 4707 and 4708) and in which Ernest was charged with assaulting Officers Mylette and Hall (Nos. 4714 and 4715), the judge submitted the issue of defendant's guilt of resisting arrest under G.S. 14-233 to the jury as a lesser included offense of the crime of assaulting an officer under G.S. 14-32(b)(4). In each of these five assault cases, the defendant was acquitted of assaulting an officer and convicted of resisting arrest. No warrant charged defendants with having resisted either Officer Mylette or Officer King while he was discharging or attempting to discharge a duty of his office. However, in separate warrants (Cases No. 4709 and 4712), each defendant was charged with having unlawfully resisted Officer Hall while he was discharging an official duty, i.e., making an arrest.

In pronouncing judgment, Judge Webb imposed upon each defendant for the crime of which he was convicted consecutive sentences of six months each. The judgment imposing sentence upon each defendant for resisting arrest by Officer Hall recited that the warrant charging resisting arrest had been consolidated for trial with the warrant charging defendant with assaulting Officer Hall and that the defendant had been found guilty of resisting arrest.

Upon defendants' appeal, the Court of Appeals affirmed all the judgments against both defendants. Each petitioned this Court for discretionary review of the decision of the Court of Appeals and the petitions were allowed.

*Attorney General Rufus Edmisten and Associate Attorney Thomas H. Davis, Jr., for the State.*

*Ernest C. Richardson III, for Ernest Raymond Hardy, defendant.*

*Alfred D. Ward, Jr., for Dennis Ray Hardy, defendant.*

State v. Hardy

SHARP, Chief Justice.[1]

We first consider defendants' contentions:

(1) That the offense of unlawfully resisting, delaying or obstructing a public officer in the discharge of a duty of his office, G.S. 14-223 (resisting), is not a lesser degree of the offense of assaulting a law-enforcement officer while he is discharging or attempting to discharge a duty of his office, G.S. 14-33(b)(4) (assaulting an officer);

(2) That, therefore, Judge Webb erred (a) when he charged the jurors in Cases Nos. 4706 and 4707 that if they were not satisfied beyond a reasonable doubt that Dennis Hardy was guilty of assaulting Officers King and Mylette, they would acquit him of the assault charge and consider whether he was guilty of resisting these officers; and (b) when he gave the same charge in Case No. 4714 in which Ernest was charged with having assaulted Officer Mylette;

(3) That when the jury acquitted defendants of the charges of assaulting Officers King and Mylette and convicted defendants of resisting, the court lacked authority to sentence them for that offense for which they had been neither charged nor convicted in the District Court.

For the reasons hereinafter stated, defendants' contentions with reference to these three cases must be sustained, and the decision of the Court of Appeals that the trial judge's error in submitting the offense of resisting as a lesser degree of the crime of assaulting an officer was favorable to defendant must be reversed.

[1] As the Court of Appeals pointed out in *State v. Kirby*, 15 N.C. App. 480, 489, 190 S.E. 2d 320, 326 (1972), "[T]he charge of resisting an officer * * * and the charge of assaulting a public officer while discharging or attempting to discharge a duty of his office are separate and distinct offenses. * * * No actual assault or force or violence is necessary to complete the offense described by G.S. 14-223."

An examination of the statutes verifies the correctness of the foregoing statement. G.S. 14-223 provides: "If any person shall

---

1. This opinion was written in accordance with the Court's decision made prior to Chief Justice Sharp's retirement and was adopted by the Court and ordered filed after she retired.

willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a misdemeanor punishable by a fine not to exceed five hundred dollars ($500.00), imprisonment for not more than six months, or both."

G.S. 14-33(b)(4) provides in pertinent part that any person who "assaults a law-enforcement officer * * * while the officer is discharging or attempting to discharge a duty of his office" is guilty of a misdemeanor "punishable by a fine, imprisonment for not more than two years, or both such fine and imprisonment."

The legislative history of these two statutes and the fundamental difference in the interests they seek to protect precludes the notion that resisting an officer, a six-month misdemeanor, is a lesser degree of the offense of assaulting an officer, a two-year misdemeanor. The wording of G.S. 14-223, except with reference to punishment, has remained virtually unchanged since its original enactment in 1889. The location of G.S. 14-223 within N.C. Gen. Stats. Ch. 14, Art. 30, entitled "Obstructing Justice," evidences its purpose "to enforce orderly conduct in the important mission of preserving the peace, carrying out the judgments and orders of the court, and upholding the dignity of the law." *State v. Leigh*, 278 N.C. 243, 251, 179 S.E. 2d 708, 713 (1971). G.S. 14-223 is concerned with acts threatening a public officer with injury only insofar as they interfere with the performance of his official duties. Violence or direct force is not necessarily an element of the crime of resisting an officer.

The misdemeanor of assault on a law enforcement officer, now codified as G.S. 14-33(b)(4) (1977 Cum. Supp.) within Chapter 14 under Article 8, Assaults, is a part of the latest rewrite of G.S. 14-33 (1943). These rewrites have created no new offenses as to assaults, but have only provided different punishments for various types of assaults. Common law definitions still govern assaults. *State v. Roberts*, 270 N.C. 655, 155 S.E. 2d 303 (1967). The location and language of G.S. 14-33(b)(4) manifest its purpose to protect the State's law enforcement officers from bodily injury and threats of violence rather than to preserve order and uphold the dignity of the law.

We hold, therefore that G.S. 14-223 und G.S. 14-33(b)(4) describe separate offenses and that the former is not a lesser

degree of the latter. This holding, however, does not eliminate the possibility that the facts in a given case might constitute a violation of both statutes. In such a case the defendant could not be punished twice for the same conduct. It was so held in *State v. Summrell*, 282 N.C. 157, 192 S.E. 2d 659 (1972). As we will later point out more specifically, defendants in this case are not threatened with double punishment for any of their conduct.

The Court of Appeals, while conceding that the trial court erred in submitting the issue of defendants' guilt of resisting arrest in Cases 4706, 4707 and 4714, nevertheless held that this error was harmless. As supporting this conclusion the Court relied upon *State v. Thacker*, 281 N.C. 447, 189 S.E. 2d 145 (1972) and *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431 (1956). Such reliance is misplaced, for these decisions are not to be compared with the three cases we now consider.

In *State v. Thacker*, supra, defendant was tried upon an indictment charging him under G.S. 14-32(a) with a felonious assault upon one Pierce. Albeit all the evidence tended to show that the defendant had inflicted serious injuries upon Pierce by assaulting him with a knife having a six-inch blade, the trial judge inexplicably submitted to the jury the issue of defendant's guilt of an assault with a deadly weapon and an assault inflicting serious injury, misdemeanors condemned by G.S. 14-33. The jury convicted the defendant of an assault inflicting serious injury, a lesser degree of the felonious assault charged in the indictment. Although the verdict was illogical and inappropriate, it was upheld under the well settled principle that an indictment for any offense includes all lesser degrees of the same crime and, although all the evidence points to the commission of the gravest crime charged, the jury's verdict for an offense of a lesser degree will not be disturbed, since it is favorable to the defendant. G.S. 15-170, *State v. Acor* and *State v. Moore*, 281 N.C. 287, 188 S.E. 2d 332 (1972); *State v. Roy* and *State v. Slate*, 233 N:C. 558, 64 S.E. 2d 840 (1951).

Similarly, in *State v. Stephens*, supra, the defendant was indicted for first degree murder and convicted of manslaughter. All the evidence strongly pointed to the crime of murder; evidence of manslaughter was lacking. Notwithstanding, manslaughter being a lesser degree of murder, this Court was constrained to uphold the verdict.

State v. Hardy

[2] In *Thacker* and *Stephens* the return of valid indictments gave the Superior Court jurisdiction over both the defendants and the offenses for which they were tried and convicted. A valid warrant or indictment encompassing the offense for which the defendant is convicted is essential to the jurisdiction of the court. *State v. Crabtree*, 286 N.C. 541, 212 S.E. 2d 103 (1975). A defendant indicted for a criminal offense may be convicted of the crime charged or of any lesser degree of that offense provided the appropriate evidence is present. However, "[h]e may not, upon his trial under that indictment, be lawfully convicted of any other criminal offense, whatever the evidence introduced against him may be." *State v. Overman*, 269 N.C. 453, 464, 153 S.E. 2d 44, 54 (1967).

In the instant case neither defendant was ever charged with the offense of resisting Officers King or Mylette. The warrants in Cases 4706 and 4714 charged only assaults upon Officers King and Mylette, and it was their convictions of these assaults in the District Court which the defendants appealed. The Superior Court's jurisdiction was derivative, G.S. 7A-271(b), and was, therefore, restricted to the charges specified in the warrants. Consequently, Judge Webb lacked jurisdiction under the assault warrants to enter judgment upon verdicts convicting defendants of resisting arrest by Officers King and Mylette. The judgments in Cases 4706, 4707, and 4714 must be arrested. *State v. Guffey*, 283 N.C. 94, 194 S.E. 2d 827 (1973); *State v. Bryant*, 280 N.C. 407, 185 S.E. 2d 854 (1972).

[3] It does not follow from what we have just said, however, that the judgments must be arrested in Cases 4709 and 4712 in which defendants were respectively *charged* and convicted of resisting Officer Hall after the cases were consolidated for trial with Nos. 4708 and 4715. On the contrary, we affirm the decision of the Court of Appeals that, although the judge erred (1) in not requiring the State to elect at the close of the evidence between the charges of resisting and assaulting Officer Hall, and (2) in submitting the issue of defendants' guilt of resisting as a lesser degree of the offense of assaulting Officer Hall, these errors were harmless.

Albeit the assaults charged in Cases 4708 and 4715 were the means by which Officer Hall was resisted, the double jeopardy ra-

tionale which prevailed in *State v. Summrell*, supra, has no application here. Unlike defendant Summrell, who was convicted and sentenced for both assaulting and resisting an officer "when the assault was the means by which the officer was resisted," the defendants Hardy were not twice convicted for the same conduct.

In submitting the charges that defendant assaulted and resisted Officer Hall in the context of greater and lesser included offenses, the judge clearly instructed the jury that they could convict defendants of only one of these charges — not both. In other words, he allowed the jury to make the election the State should have made. This error was harmless to the defendants beyond any reasonable doubt. Although overwhelming evidence tended to show that each defendant had made a vicious attack upon Officer Hall, "by an act of grace," the jury convicted them of the less serious misdemeanor of resisting. "[S]ince the verdicts were favorable to the accused, it is settled law they will not be disturbed." *State v. Stephens*, supra, at 384, 93 S.E. 2d at 434.

We reemphasize the fact that the two verdicts of guilty of resisting are supported by valid warrants and that the Superior Court acquired jurisdiction of the four cases involving Officer Hall (Nos. 4708, 4709, 4712 and 4715) when defendants appealed all their convictions in the District Court. Thus, the Court of Appeals did not err in affirming the judgments in Cases 4712 and 4709 (resisting Hall).

Defendants' remaining assignments of error relate to specified portions of the judge's instructions to the jury relating to the charges of communicating threats and resisting arrest and to defendants' right to self-defense. As to each of these assignments, we borrow the language which the Court of Appeals used with reference to the charge on communicating threats: "While we would not adopt the charge as a model, we think the jury was fully apprised of the law as it applied to the facts and could not have been misled." The assignments to the charge are overruled.

Except as specified herein, the decision of the Court of Appeals is affirmed.

The result as to Ernest Raymond Hardy:

No. 76CR4711 — Threatening Officer Hall — No error.

State v. Hardy

No. 76CR4713—Threatening Officer Mylette—No error.

No. 76CR4714—Assaulting Officer Mylette, defendant acquitted of assaulting and convicted of resisting—Judgment arrested.

No. 76CR4712—Resisting Officer Hall—No error.

No. 76CR4715—Assaulting Officer Hall, consolidated with No. 76CR4712, verdict of not guilty.

The result as to Dennis Ray Hardy:

No. 76CR4704—Threatening Officer King—No error.

No. 76CR4710—Threatening Officer Hall—No error.

No. 76CR4709—Resisting Officer Hall—No error.

No. 76CR4708—Assaulting Officer Hall, consolidated with No. 76CR4709—Verdict of not guilty.

No. 76CR4706—Assaulting Officer King, defendant acquitted of assaulting and convicted of resisting—Judgment arrested.

No. 76CR4707—Assaulting Officer Mylette, defendant acquitted of assaulting and convicted of resisting—Judgment arrested.

The judgment of the Court of Appeals is

Affirmed in part; Reversed in part.

Justice BROCK did not participate in the consideration or decision of this case.