STATE OF NORTH CAROLINA v. JOE ANDREW FELMET

No. 129

(Filed 27 January 1981)

**1. Criminal Law § 18— failure of record to show jurisdiction in superior court — motion to amend record**

The Court of Appeals did not abuse its discretion in denying defendant's motion to amend the record to show derivative jurisdiction of a misdemeanor in the superior court through appeal of a district court conviction and in then dismissing defendant's appeal for failure of the record to show jurisdiction. However, the Supreme Court elects to allow the amendment to reflect subject matter jurisdiction so that it may pass upon the substantive issue of the appeal.

**2. Constitutional Law § 18— soliciting signatures on petition at private mall — no protected exercise of free speech**

Defendant's accosting of customers in a private parking lot at a privately owned and operated mall to sign a petition, which was a type of solicitation prohibited by the owners of the mall, was not an exercise of free speech protected by the First Amendment to the U. S. Constitution or by Article I, § 14 of the N. C. Constitution.

Justice MEYER did not participate in the consideration or decision of this case.

APPEAL by defendant from decision of the Court of Appeals, 47 N.C. App. 201, 266 S.E.2d 721 (1980), dismissing defendant's appeal from a 7 September 1979 judgment of *Rousseau, J.,* in FORSYTH Superior Court.

Defendant was charged with trespass in violation of G.S. 14-134 for failure to leave private property of Hanes Mall in Winston-Salem after being ordered to do so. He moved to dismiss contending the conduct which gave rise to the trespass charge was protected by

the freedom of speech provisions of the United States and North Carolina Constitutions. The motion was denied. Defendant was convicted in superior court and sentenced to thirty days imprisonment, suspended for one year on condition he not engage in solicitation activities at Hanes Mall. Defendant appealed to the Court of Appeals assigning error to the failure of the lower court to dismiss the charge on constitutional grounds.

At oral argument before the Court of Appeals, counsel for defendant was advised by that court that the appeal was subject to dismissal because the record did not reflect how the superior court obtained jurisdiction over the charge.

Following oral argument, defendant filed a motion to amend the record on appeal by adding a certified copy of the judgment of the district court which reflected defendant's appeal therefrom to the superior court. The motion to amend was denied on 29 May 1980. On 3 June 1980, the Court of Appeals dismissed the appeal for failure of the record to show jurisdiction in the superior court. Defendant petitioned for writ of certiorari to review the procedural dismissal by the Court of Appeals. This Court granted certiorari in the case.

*Rufus L. Edmisten, Attorney General, by Roy A. Giles, Jr., Assistant Attorney General, for the State.*

*Pfefferkorn & Cooley, P.A., by Robert M. Elliot, attorneys for defendant appellant.*

HUSKINS, Justice:

[1] The procedural issue raised on this appeal is whether the Court of Appeals erred in denying defendant's motion to amend the record to reflect proper jurisdiction in the trial court and then dismissing defendant's appeal for failure of the record to show jurisdiction. While we find no legal error or abuse of discretion in the denial of the motion and the dismissal, we have allowed the amendment in order to reach and decide the substantive issue of the case.

Defendant was charged with trespass in violation of G.S. 14-134, a misdemeanor offense. Exclusive original jurisdiction of all misdemeanors is in the district courts of North Carolina. G.S. 7A-272. The jurisdiction of the superior court for the trial of a misde-

State v. Felmet

meanor, unless a circumstance enumerated in G.S. 7A-271(a) arises, is derivative and arises only upon appeal from a conviction of the misdemeanor in district court. *State v. Guffey*, 283 N.C. 94, 194 S.E. 2d 827 (1973); *see also* G.S. 7A-271(b). The superior court has no jurisdiction to try a defendant on a warrant for a misdemeanor charge unless he is first tried, convicted and sentenced in district court and then appeals that judgment for a trial *de novo* in superior court. *State v. Hall*, 240 N.C. 109, 81 S.E.2d 189 (1954).

The printed record in this case indicates defendant was tried in the Superior Court of Forsyth County upon a warrant issued by a deputy clerk of court charging defendant with misdemeanor trespass. The record does not show defendant was ever tried in district court on this charge. The record reveals only that defendant was convicted by a jury in superior court and a suspended sentence imposed. The record fails to disclose derivative jurisdiction in the superior court through appeal of a district court conviction.

Rule 9(b)(3) of the North Carolina Rules of Appellate Procedure contains a list of documents and information which must be included in a record on appeal in a criminal case. This rule requires "a statement identifying the judge from whose judgment or order appeal is taken, the session at which the judgment or order was rendered . . . ." N.C. Rules of Appellate Procedure 9(b)(3)(ii). The Commentary accompanying this rule in part states:

> The office of this item is simply to permit routine confirmation by the appellate court of the subject matter jurisdiction or "competence" of the particular trial judge and tribunal . . . . The elements enumerated are sufficient for this purpose when rounded out by the court's range of judicial notice.

Table III in the Appendix of Tables and Forms which accompanies the Rules of Appellate Procedure contains a *suggested* order or arrangement for a record on appeal in a criminal case. The list is based on successive trials in both district and superior courts but is stated to be adaptable to trial only in superior court by exclusion of items indicated by an asterisk. Those items which are marked by asterisks are items five and six which read:

> 5. Judgment in district court.*

> 6. Entries showing appeal to superior court.*

These items should have been included in the record on appeal in this case but were not. Defendant had the duty to see the record on appeal was properly compiled. *State v. Stubbs*, 265 N.C. 420, 144 S.E.2d 262 (1965). The problem in this case is what significance or penalty to place on this omission from the record.

When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority. *State v. Hardy*, 298 N.C. 191, 257 S.E.2d 426 (1979); *State v. Guffey, supra; State v. Evans*, 262 N.C. 492, 137 S.E.2d 811 (1964); *State v. Johnson*, 251 N.C. 339, 111 S.E.2d 297 (1959). When the record is silent and the appellate court is unable to determine whether the court below had jurisdiction, the appeal should be dismissed. *State v. Hunter*, 245 N.C. 607, 96 S.E.2d 840 (1957); *State v. Banks*, 241 N.C. 572, 86 S.E.2d 76 (1955); *State v. Patterson*, 222 N.C. 179, 22 S.E.2d 267 (1942). In the case before us, the record is silent and the Court of Appeals *ex mero motu* noted it was unable to determine that the superior court had jurisdiction.

When confronted with the record's deficiency on oral argument, defendant's counsel did not argue the superior court was without jurisdiction. Instead, he moved to amend the record to include the judgment of the district court and appeal entries therefrom. This motion, unopposed by the State, reflects proper jurisdiction in the superior court. The Court of Appeals, for reasons not readily apparent, denied the motion to amend. We cannot say the court abused its discretion because Rule 9(b)(6) of the Rules of Appellate Procedure specifies:

> On motion of any party or on its own initiative the appellate court *may* order additional portions of a trial court record sent up and added to the record on appeal. On motion of any party the appellate court *may* order any portion of the record on appeal amended to correct error shown as to form or content.

(Emphasis added.) Even so, we have decided to allow the amendment to reflect subject matter jurisdiction and then pass upon the substantive issue of the appeal. This is the path we elect to follow. It is the better reasoned approach and avoids undue emphasis on procedural niceties.

**[2]**   The substantive issue presented is whether defendant's conduct which formed the basis of the charge of trespass was protected by the First Amendment to the United States Constitution and Article I, section 14 of the North Carolina Constitution. We conclude defendant's conduct was not protected free speech under either the Federal or State Constitution. His motion to dismiss the charge was properly denied.

The circumstances under which defendant was arrested can be summarized as follows. Hanes Mall is a large regional shopping center which contains fashion shops, several banking establishments and department stores. No government agencies are located in the facility. It is privately owned and operated. On 4 June 1979, Hanes Mall had a policy prohibiting any solicitation on the premises without obtaining prior permission from the management. Signs at the three entrances to the facility read:

> Notice to the people. The property comprising Hanes Mall is private property. Solicitations or distribution of handbills is absolutely prohibited on this property. Written permission must be obtained from the Manager's Office to use this property in any activity other than shopping.

Activities other than shopping were permitted, such as observance of National Law Enforcement Week and solicitations by the Salvation Army during the Christmas season but only after written permission was obtained from the management. Any person seen soliciting without permission was requested to cease the activity and, if he refused, advised that the police would be called to remove him from the property. If he still refused, the police removed the person from the property.

On 4 June 1979, two shoppers at the mall approached the Mall's Security Director, Fred Thomas, and informed him that a man was soliciting signatures in the parking lot. Thomas walked to the parking lot and saw defendant waving a clipboard and calling out to people in a loud voice to come over to him. Thomas approached defendant who asked him to sign a petition against the draft movement. Thomas was aware defendant did not have the management's permission to solicit on the property. He told defendant solicitation was not permitted and requested that defendant stop. Defendant refused, asserting he had a constitutional right to do so.

Thomas eventually called the police who, after some discussion with defendant, took him to the police station where he was arrested for trespass.

Defendant's conduct was not protected under the First Amendment to the United States Constitution. In *Lloyd Corporation v. Tanner*, 407 U.S. 551, 33 L.Ed.2d 131, 92 S.Ct. 2219 (1972), a case factually similar to the case at hand, the Court weighed the First Amendment rights of Vietnam War and draft protestors to distribute handbills in the interior area of a large, privately owned shopping mall against the Fifth and Fourteenth Amendment property rights of the mall owners who had a strict policy against handbilling and who had asked the protestors to leave. The Court held "there has been no such dedication of Lloyd's privately owned and operated shopping center to public use as to entitle respondents to exercise therein the asserted First Amendment rights." 407 U.S. at 570, 33 L.Ed.2d at 143, 92 S.Ct. at 2229. The accosting of customers in the private parking lot of Hanes Mall to sign a petition, which was a type of solicitation prohibited by the owners of the property, was not a protected exercise of free speech under the Federal Constitution.

Nor were defendant's actions protected under Article I, section 14 of the North Carolina Constitution which reads:

> Freedom of speech and of the press are two of the great bulwarks of liberty and therefore shall never be restrained, *but every person should be held responsible for their abuse.*

(Emphasis added.) This Court could, under the Supremacy Clause, interpret our State Constitution to protect conduct similar to that of defendant without infringing on any federally protected property right of the owners of private shopping centers. *Pruneyard Shopping Center v. Robins*, 447 U.S. 74, 64 L. Ed.2d 741, 100 S.Ct. 2035 (1980). However, we are not so disposed. Defendant's conviction for trespass is free from prejudicial error. The judgment must therefore be upheld.

No error.

Justice MEYER did not participate in the consideration or decision of this case.