STATE v. PETERSILIE

[105 N.C. App. 233 (1992)]

———————

STATE OF NORTH CAROLINA v. FRANK W. PETERSILIE

No. 9124SC313

(Filed 21 January 1992)

**Courts § 56 (NCI4th) — misdemeanors — original trial in superior court — no jurisdiction**

The superior court did not have subject matter jurisdiction over a prosecution for publishing unsigned campaign material in connection with an election in violation of N.C.G.S. § 163-274(7), since a violation of that statute is a misdemeanor; defendant's arrest sprang from indictments issued by the grand jury and not from warrants issued by a magistrate or clerk, so that the indictments originated in the superior court; there was no indication in the record that a presentment preceded the indictments; the record affirmatively showed that defendant's prosecution was initiated in superior court upon those indictments; and the district courts of North Carolina have exclusive original jurisdiction of misdemeanor cases.

**Am Jur 2d, Courts § 13.**

APPEAL by defendant from judgment entered 19 October 1990 by *Judge Charles C. Lamm* in WATAUGA County Superior Court. Heard in the Court of Appeals 13 January 1992.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James Wallace, Jr., for the State on the brief only.*

*Chester E. Whittle, Jr. for defendant-appellant.*

JOHNSON, Judge.

Defendant was convicted in superior court of publishing unsigned campaign material in connection with an election, in violation of G.S. § 163-274(7) (1991). On appeal defendant challenges the constitutionality of the statute under both the state and federal constitutions and also alleges other errors in the admission of certain testimony. The record on appeal before us includes copies of two indictments handed down by the grand jury and dated 19 February 1990, an arrest warrant dated 19 February 1990, the docket sheet, the jury verdict forms and the judgment. Defendant was tried before a jury in superior court and convicted on all counts.

Although neither party raises the issue, we find that initially we must decide whether the superior court which tried this case had subject matter jurisdiction over the action. Because we find that the superior court did not have jurisdiction, we vacate the judgment and remand the case.

A violation of G.S. § 163-274(7) constitutes a misdemeanor offense. The district courts of North Carolina have exclusive original jurisdiction for the trial of criminal misdemeanor offenses. G.S. § 7A-272. The superior courts of North Carolina have exclusive original jurisdiction over all criminal actions not assigned to the district court division except that the superior courts have jurisdiction to try a misdemeanor offense where (1) it is a lesser included offense of a felony properly before the court by indictment or information, (2) the charge is initiated by presentment, (3) the misdemeanor is properly consolidated for trial with a felony, (4) a plea of guilty or nolo contendere is tendered in lieu of a felony charge, or (5) a misdemeanor conviction is appealed for trial *de novo*, to accept a guilty plea to a lesser included or related charge. G.S. § 7A-271(a)(1)-(5). The superior court may also try misdemeanors under its derivative jurisdiction. This arises from the appeal of a conviction in district court. G.S. § 7A-271(b); *State v. Guffey,*

283 N.C. 94, 194 S.E.2d 827 (1973). *See also State v. Wall,* 271 N.C. 675, 157 S.E.2d 363 (1967) (jurisdiction of district and superior courts).

As explained in *State v. Felmet,* 302 N.C. 173, 273 S.E.2d 708 (1981):

> When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority. When the record is silent and the appellate court is unable to determine whether the court below had jurisdiction, the appeal should be dismissed (citations omitted).

*Id.* at 176, 273 S.E.2d at 711.

Thus, we must determine if the record before us "shows a lack of jurisdiction in the lower court" so that we must vacate the judgment below or whether it is simply "silent" on the question of jurisdiction such that we should dismiss this appeal.

In *Felmet,* defendant was convicted in superior court of a misdemeanor. The record on appeal indicated that defendant was tried upon a warrant issued by a deputy clerk of court charging the defendant with misdemeanor trespass. The record, however, lacked any indication that defendant was ever tried in district court, thus there was no evidence of the superior court's derivative jurisdiction. The *Felmet* Court held that the record before it was "silent" and although it allowed defendant to amend the record to show derivative jurisdiction, it did not fault the Court of Appeals for having dismissed the appeal because the record failed to show the basis for jurisdiction in the trial court. The *Felmet* Court cited three cases to illustrate the situation where the record is "silent" as to jurisdiction. *See State v. Hunter,* 245 N.C. 607, 96 S.E.2d 840 (1957); *State v. Banks,* 241 N.C. 572, 86 S.E.2d 76 (1955); *State v. Patterson,* 222 N.C. 179, 22 S.E.2d 267 (1942). In all three cases, defendants appealed from convictions in superior court on misdemeanor charges which originated with warrants issued by a clerk. The records before the appellate court, however, failed to show that the defendants had been convicted in district court and had appealed to the superior court, thus there was no showing in the record that the superior court had derivative jurisdiction.

In contrast to the "silent record" situation, where the record on appeal shows a lack of jurisdiction in the superior court, the

judgment appealed from must be vacated or arrested. *Felmet*, 302 N.C.. 173, 273 S.E.2d 708. A record reflects a lack of jurisdiction when it shows: that the defendant was convicted in superior court of a crime for which he was not charged, *State v. Hardy*, 298 N.C. 191, 257 S.E.2d 426 (1979); the defendant was convicted of a crime for which the record affirmatively shows that no conviction occurred in district court, *Guffey*, 283 N.C. 94, 194 S.E.2d 827; or where there is no trial in district court and the trial in superior court originates upon a warrant and no indictment, *State v. Evans*, 262 N.C. 492, 137 S.E.2d 811 (1964).

We find that the case *sub judice* is one in which the record reflects a lack of jurisdiction in the court in which defendant was tried. The record indicates that defendant's arrest sprang from indictments issued by the grand jury and not from warrants issued by a magistrate or clerk, thus the indictments originated in the superior court. The indictments were for offenses classified as misdemeanors. There is no indication in the record that a presentment preceded the indictments. G.S. § 7A-271(a)(2). The record affirmatively shows that the defendant's prosecution was initiated in superior court upon those indictments.

On the record before us we find that the superior court had neither exclusive original jurisdiction of the misdemeanors under G.S. § 7A-271(a)(1)-(5), nor derivative jurisdiction under G.S. § 7A-271(b). This judgment must be vacated.

Vacated.

Chief Judge HEDRICK and Judge WELLS concur.