**STATE v. MOORE**

[148 N.C. App. 568 (2002)]

———————————

STATE OF NORTH CAROLINA v. RUBY MICHELLE MOORE

No. COA00-1450

(Filed 5 February 2001)

**Probation and Parole— violation report—signed within probation term—no revocation motion during probation**

The trial court lacked jurisdiction to conduct a probation revocation hearing after defendant's period of probation had expired where a probation officer signed and dated a probation violation report prior to the expiration of defendant's period of probation, but there was no evidence that the report was filed with the clerk of court during defendant's probation and that the State filed during the probation period a written motion with the clerk of court indicating its intent to conduct a revocation hearing as required by N.C.G.S. § 15A-1344(f).

Appeal by defendant from judgment entered 6 July 2000 by Judge Richard Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 November 2001.

*Attorney General Roy A. Cooper, by Assistant Attorney General Amar Majmundar, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Dean Paul Loven, for defendant-appellant.*

EAGLES, Chief Judge.

On 3 June 1994, defendant Ruby Michelle Moore pled guilty to breaking and entering in violation of N.C.G.S. § 14-54 and larceny in violation of N.C.G.S. § 14-72. The same day, the Honorable Shirley L. Fulton imposed and suspended a six year term of imprisonment and placed defendant on supervised probation for five years.

On 3 November 1995, Probation Officer Pamela W. Gilchrist (Officer Gilchrist) signed and dated a probation violation report alleging that defendant failed to complete a drug treatment program, that she missed scheduled office appointments on two occasions, and that she had absconded from supervision. The probation violation report was found in the clerk's office files but it is not indorsed with a file stamp. An order for defendant's arrest was entered 6 August 1996. Return of service on the order for arrest was made on 9 May 2000. The five-year period of probation specified in the judgment expired on 3 June 1999.

At a probation revocation hearing on 6 July 2000, defendant stipulated to violating the specified conditions of probation. The Honorable Richard Boner found that the alleged violations were true and willful. Judge Boner ordered that defendant continue on probation and serve a split sentence of 120 days incarceration. Defendant appeals.

On appeal, defendant contends that the trial court (1) lacked jurisdiction over the subject matter of the hearing and (2) that the trial court erred by failing to dismiss the violation report because the official policy of the Department of Community Corrections as stated in the Division of Community Corrections Policy Manual is to have such cases transferred to unsupervised probation and reviewed for termination.

In *State v. Hicks*, this Court wrote:

A court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute. . . . "When a sentence has been suspended and defendant placed on probation on certain named conditions, the court may, *at any time during the period of probation*, require defendant to appear before it, inquire into alleged violations of the conditions, and, if found to be true, place the suspended sentence into effect. But the State may not do so *after the expiration of the period of probation* except as provided in G.S. 15A-1344(f)."

148 N.C. App. 203, 204-05, 557 S.E.2d 594, 595 (Dec. 28, 2001) (No. COA01-256) (quoting *State v. Camp*, 299 N.C. 524, 527, 263 S.E.2d 592, 594 (1980) (citations omitted)).

Section 15A-1344(f) of the North Carolina General Statutes provides that once the period of probation has ended, the court may revoke probation only if:

(1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

(2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the hearing earlier.

*Hicks*, 148 N.C. App. at 205, 557 S.E.2d at 595-96.

Here, defendant argues that the State lacked jurisdiction to revoke defendant's probation because the probationary period had expired and the violation report was not file stamped, and therefore not properly filed in accordance with N.C.G.S. § 15A-1344(f)(1). In the civil matter of *Bailey v. Davis*, 231 N.C. 86, 89, 55 S.E.2d 919, 921 (1949), our Supreme Court stated that "a paper writing is deemed to be filed within the meaning of the law when it is delivered for that purpose to the proper officer and received by him, and it is not necessary to the filing of a paper that it shall be indorsed as having been so filed." In a criminal case, however, North Carolina requires the State to prove jurisdiction beyond a reasonable doubt. *State v. Petersilie*, 334 N.C. 169, 175, 432 S.E.2d 832, 835 (1993). In the absence of a file stamped motion or any other evidence of the motion's timely filing as required by N.C.G.S. § 15A-1344(f)(1) the trial court is without jurisdiction. On appeal, "[w]hen the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *Id.* at 175, 432 S.E.2d at 836 (quoting *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981)).

Though Officer Gilchrist signed and dated the violation report on 3 November 1995, the record fails to provide evidence of the report having been filed prior to the expiration of defendant's period of probation. For a trial court to retain jurisdiction over a probationer after the probation period has expired, the plain language of N.C.G.S. § 15A-1344(f)(1) requires the State to file, before the expiration of the

**STATE v. MOORE**

[148 N.C. App. 568 (2002)]

period of probation, a written motion with the clerk indicating the State's intent to conduct a revocation hearing. *Hicks*, 148 N.C. App. at 205, 557 S.E.2d at 596. The burden of perfecting the trial court's jurisdiction for a probation revocation hearing after defendant's period of probation has expired lies squarely with the State. *See* N.C.G.S. § 15A-1344(f) (1999); *see also Petersilie*, 334 N.C. at 175, 432 S.E.2d at 835.

Here, the violation report was not file stamped and the record is without sufficient evidence to support the State's contention that defendant's violation report was filed before defendant's period of probation had expired. Consequently, we hold that the State failed to satisfy the plain language of N.C.G.S. § 15A-1344(f) and that the trial court was without jurisdiction to conduct a hearing. *See Hicks*, 148 N.C. App. 203, 557 S.E.2d 594. In light of this conclusion, other arguments on appeal need not be reached. Accordingly, the trial court's judgment that defendant violated terms of her probation is arrested and the order modifying the terms of her probation is vacated. *See Petersilie*, 334 N.C. at 175, 432 S.E.2d at 835.

Judgment arrested and order vacated.

Judges MARTIN and BIGGS concur.