STATE v. MARCOPLOS

[159 N.C. App. 707 (2003)]

———————————

STATE OF NORTH CAROLINA v. MARK W. MARCOPLOS, NANCY KATHERINE WOODS, PASCAL L. PITTS, LAURA WINBUSH VANDERBECK, JAMES EDWIN WARREN, AND RUTH C. ZALPH

No. COA01-1518-2

(Filed 5 August 2003)

**Trespass— second-degree—constitutional**
North Carolina's second-degree trespass statute is constitutional as applied to defendants.

Appeal by defendants from judgments dated 9 August 2001 by Judge J.B. Allen, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 17 September 2002. *Affirmed by State v. Marcoplos,* 154 N.C. App. 581, 572 S.E.2d 820 (2002). *Affirmed and remanded, State v. Marcoplos,* 357 N.C. 245, —— S.E.2d —— (June 13, 2003). Panel reconvened to consider constitutional issues by Order of Chief Judge, North Carolina Court of Appeals, dated 10 July 2003.

STATE v. MARCOPLOS

[159 N.C. App. 707 (2003)]

*Attorney General Roy Cooper, by Assistant Attorney General Harriet F. Worley, for the State.*

*Glenn, Mills & Fisher, P.A., by Stewart W. Fisher and George Hausen, for defendant-appellants.*

Per Curiam.

Following this Court's affirmance of defendants' convictions of second degree trespass in *State v. Marcoplos,* 154 N.C. App. 581, 572 S.E.2d 820 (2002), defendants appealed by right to the Supreme Court of North Carolina based upon Judge Greene's dissent. *See* N.C. Gen. Stat. § 7A-30(2) (2002). That Court affirmed our decision without opinion (Per Curiam). However, upon noting that "[d]efendants . . . sought review . . . of a constitutional issue originally presented to but not addressed by the Court of Appeals," our Supreme Court, "decline[d] to consider this constitutional issue in the first instance" and "remanded to [this Court] so that this [constitutional] issue may be addressed." In essence, defendants contended before our Supreme Court that the second degree trespassing statute, as applied to defendants, violated the First Amendment of the United States Constitution and Article 1 § 14 of the North Carolina Constitution.

On remand, we can say it no better than the Supreme Court did in an analogous case over 20 years ago, *State v. Felmet,* 302 N.C. 173, 273 S.E.2d 708 (1981). Like defendants in this case, defendant in *Felmet* contended that North Carolina's trespass statute was unconstitutional. Justice Huskins held that "[d]efendant's conduct was not protected under the First Amendment to the United States Constitution . . . . [n]or were defendant's actions protected under Article I, section 14 of the North Carolina Constitution . . . ." *Felmet,* at 178, 273 S.E.2d at 712.

Accordingly, for the reasons stated in *State v. Felmet,* 302 N.C. 173, 273 S.E.2d 708 (1981), we hold that these assignments of error are without merit in law or fact.

Affirmed.

Panel consisting of: WYNN, MARTIN, McGEE