STATE v. WILLIAMS

[230 N.C. App. 590 (2013)]

STATE OF NORTH CAROLINA
v.
JONATHAN RAY WILLIAMS

No. COA13-246

Filed 19 November 2013

1. **Appeal and Error—writ of certiorari—probation revocation—review of all judgments**

    Defense counsel's petition for writ of *certiorari* seeking review of 10 CRS 1409 in addition to the other ten judgments was granted in the interest of reviewing all of the judgments revoking probation entered by the trial court on 22 August 2011.

2. **Appeal and Error—reply brief—timeliness—motion to strike**

    The State's motion to strike appellant defendant's reply brief in a probation revocation case was denied. Appellant's reply brief was timely under the version of N.C. R. App. P. 28(h) that was in effect for appellant's appeal.

3. **Appeal and Error—record—motion to amend—probation revocation—inclusion of criminal judgment**

    Defendant's motion to amend the record in a probation revocation case to include a certified summary of the criminal judgment in 05 CRS 7502 was granted.

4. **Probation and Parole—filing of violation report—lack of subject matter jurisdiction**

    The trial court erred by revoking defendant's probation in 10 CRS 1409 because the State failed to present evidence that the violation report prepared by defendant's probation officer was filed before the natural termination of his probation. As a result, the State failed to meet its burden of demonstrating that the revoking court possessed subject matter jurisdiction.

5. **Appeal and Error—preservation of issues—failure to request review in writ of certiorari—failure to object—untimely request**

    The Court of Appeals declined to address defendant's argument in a probation revocation case that the trial court that sentenced him in Alamance County was required to make findings of fact before it placed him on probation for a period greater than thirty months when neither of the petitions for writ of *certiorari* requested review

of the Alamance County judgments, defendant failed to object to those judgments prior to his arguments to the Court of Appeals, and those judgments were made final nearly four and a half years ago.

**6. Probation and Parole—revocation—sufficiency of evidence**

The trial court did not abuse its discretion when it revoked defendant's probation in all eleven judgments. There was sufficient evidence presented to find that defendant had violated the terms of his probation.

On writ of certiorari to review judgments entered 22 August 2011 by Judge Milton F. Fitch, Jr. in Wilson County Superior Court. Heard in the Court of Appeals 26 August 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Kathryn H. Shields, for the State.*

*Richard Croutharmel for defendant.*

HUNTER, JR., Robert N., Judge.

We have granted Jonathan Ray Williams' ("Defendant's") petition for writ of certiorari to review judgments revoking his probation and activating his sentences in Wilson County case numbers 10 CRS 1399–1409. For the following reasons, we vacate the judgment in 10 CRS 1409, but leave the judgments in 10 CRS 1399–1408 undisturbed.

## I. Factual & Procedural History

On 12 March 2007, Defendant pled guilty to one count of obtaining property by false pretenses ("false pretenses") in Wake County Superior Court. Defendant was sentenced to an intermediate punishment of 6-8 months imprisonment, suspended for 18 months of supervised probation. Defendant's probation was to begin at the expiration of his probation in a previous Wake County case, 05 CRS 7502. Defendant's probation was transferred to Wilson County, where Defendant resided, and given file number 10 CRS 1409.

On 5 January 2009, Defendant pled guilty to 14 counts of false pretenses in Alamance County Superior Court. The court consolidated the 14 counts into ten separate judgments and imposed a community punishment in each judgment, sentencing Defendant to 8-10 months imprisonment for each of the ten judgments with the sentences in each judgment running consecutively. The court suspended the sentences

and placed Defendant on 36 months of supervised probation in each judgment, with the probationary periods running concurrently.

Defendant's probation in those cases was transferred to Wilson County and given case numbers 10 CRS 1399–1408. On 23 March 2010, Defendant's probation officer filed violation reports in the Wake County case and in the ten Alamance County cases, alleging that Defendant willfully violated his probation. Among the allegations were that Defendant violated the condition of probation that he "commit no criminal offense in any jurisdiction." On 10 May 2010, in Wilson County Superior Court, the Honorable Milton F. Fitch, Jr. found Defendant to be in violation of his probation in all eleven cases and modified Defendant's probation by ordering him to serve nine months of electronic house arrest.

On 8 July 2010, Defendant's probation officer filed violation reports alleging that Defendant failed to comply with the terms of the electronic house arrest. On 19 July 2010, Judge Fitch again found Defendant to be in violation of probation and modified his probation by ordering him not to be away from his residence during curfew hours.

Defendant's probation officer filed violation reports on 13 August 2010, alleging that Defendant failed again to comply with the terms of his house arrest. On 31 August 2010, Judge Fitch found Defendant to be in willful violation of probation for a third time and again modified Defendant's probation, this time by ordering him to serve a 30-day period of confinement in the county jail.

On or about 27 July 2011, Defendant's probation officer prepared and signed probation violation reports in each case alleging that Defendant was in violation of his probation by possessing a firearm.[1] On 17 August 2011, the probation officer filed additional violation reports in each case except 10 CRS 1409 (the case originated in Wake County). These reports alleged that Defendant was in violation of his probation by failing to adhere to restrictions placed on his employment. Judge Fitch conducted a probation violation hearing on 22 August 2011. Defendant contested the violations. The evidence presented at the hearing was as follows.

Defendant's probation officer, Ms. Cameron, testified that during a warrantless search of Defendant's residence on 27 July 2011, a loaded .40 caliber pistol was found in a cabinet housing the motor of a whirlpool tub. Defendant was arrested and charged with being a felon in possession of a firearm in Nash County the day the gun was found.

---

1. The report in the record contains no file stamp.

Ms. Cameron testified regarding Defendant's alleged non-compliance with his probationary employment restrictions. Defendant was permitted to do only *commercial* construction work while on probation and was barred from performing *residential* home improvement work pursuant to an injunction from the Attorney General's Office. This injunction included a prohibition on Defendant giving estimates to potential customers for such work. While on house arrest in July 2011, Defendant's GPS device indicated that he was at two separate residences in Raleigh. Ms. Cameron later discovered a residential home improvement contract with Defendant's signature on it. The residence listed on this contract was the address of one of the two residences Defendant went to, according to his GPS device. Ms. Cameron acknowledged that she did not know if Defendant prepared the contract and stated that Defendant merely being present at a residence would not constitute a violation under his conditions of probation.

In his defense, Defendant testified that the gun found in his home was not his and denied knowing that it was there. He testified that he had lived at that address for about a month and a half with his girlfriend and that other people had lived there before him. Defendant claimed that someone broke into his house and stole his motorcycle a couple of days before the search. He believed his girlfriend was involved in this break-in, because whoever broke in had a key. Defendant believed that the gun belonged to his girlfriend's stepfather and that someone had planted the gun.

Regarding the injunction violation, Defendant admitted that he was in Raleigh on the days in question. He said his house arrest conditions allowed him to work without consulting with his probation officer. Defendant testified that his employer directed him to go to the residences in Raleigh to see if the customers wanted his employer to proceed on work and to get a contract signed if they did. Defendant stated that he had signed the contract as an agent of his employer, but that he did not write it or perform the estimate. Defendant said that he knew he was prohibited from doing residential work and that he did not perform any work on the homes. Defendant testified that the Attorney General's Office had not notified him that he was in violation of the injunction.

At the conclusion of the hearing, Judge Fitch found Defendant in willful violation of his probation on the basis of the allegations contained in both sets of reports. Judge Fitch revoked Defendant's probation in

all eleven judgments and ordered him to serve his underlying active prison sentences.

[1] On 18 April 2012, Defendant filed a hand-written *pro se* Petition for Writ of Certiorari with this Court. Defendant's petition only listed case numbers 10 CRS 1399–1408, but stated that Defendant sought review of "his sentence [sic] hearing." On 9 May 2012 we granted certiorari "for the purpose of reviewing the judgments entered upon revocation of probation on 22 August 2011," but did not specify any file numbers. On 15 October 2012, the trial court found Defendant to be indigent and appointed the Appellate Defender's Office to represent Defendant on appeal, who in turn appointed private counsel for Defendant. On 25 March 2013, Defendant's counsel filed a Petition for Writ of Certiorari, seeking review of 10 CRS 1409 in addition to the other ten judgments. We grant this petition in the interest of reviewing all of the judgments revoking probation entered by the trial court on 22 August 2011.

[2] Defendant filed a reply brief in this case on 13 August 2013. Under new Rule 28(h) of our Rules of Appellate Procedure, effective for cases where the notice of appeal was filed on or after 15 April 2013, reply briefs may only be filed within 14 days of service of the Appellee's brief. However, as Appellant's petition for writ of certiorari was granted on 9 May 2012, this case is still governed by the previous Rule 28(h), which allowed reply briefs filed with 14 days of notice to the parties that there would be no oral argument. Notice was sent to the parties on 8 August 2013 that there would not be oral arguments in this case. Appellant's reply brief was filed on 13 August 2013. We therefore consider Appellant's reply brief as timely under the Rule 28(h) in effect for Appellant's appeal. On 16 August 2013, the State filed a Motion to Strike Appellant-Defendant's Reply Brief, which it now recognizes should not be granted. We therefore deny the State's Motion to Strike Appellant-Defendant's Reply Brief.

[3] Also on 13 August 2013, Defendant filed a Motion to Amend Record on Appeal to Include a Criminal Judgment Pertaining to the Case. Defendant's sentence in 10 CRS 1409 was to begin at the expiration of his sentence in Wake County file number 05 CRS 7502. The State's brief pointed out that the record was silent as to when Defendant's sentence expired in 05 CRS 7502. Defendant's motion to amend the record was to include a certified summary of the criminal judgment in 05 CRS 7502. We grant Defendant's motion to amend the record to include this judgment.

## II. Analysis

Defendant raises three arguments in his brief, which we address in turn.

## A.  Lack of Subject Matter Jurisdiction to Revoke in 10 CRS 1409

**[4]** Defendant first argues that the trial court erred in revoking his probation in 10 CRS 1409 because the State failed to present evidence that the violation report prepared by Defendant's probation officer was filed before the natural termination of Defendant's probation. As a result, Defendant asserts that the State failed to meet its burden of demonstrating that the revoking court possessed subject matter jurisdiction. We agree.

The State bears the burden in criminal matters of demonstrating beyond a reasonable doubt that a trial court has subject matter jurisdiction. *State v. Petersilie*, 334 N.C. 169, 175, 432 S.E.2d 832, 835 (1993). Furthermore, a defendant may properly raise the issue of subject matter jurisdiction at any time, even for the first time on appeal. *State v. Reinhardt*, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007). "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981). A trial court may only revoke a Defendant's probation if "[b]efore the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation." N.C. Gen. Stat. § 15A-1344(f)(1) (2011).

We have previously held that in order for a trial court to retain jurisdiction over a probationer after his period of probation has expired, there must be some record evidence that the State complied with the language of N.C. Gen. Stat. § 15A-1344(f)(1). *State v. Moore*, 148 N.C. App. 568, 570-71, 559 S.E.2d 565, 566 (2002). "The burden of perfecting the trial court's jurisdiction for a probation revocation hearing after defendant's period of probation has expired lies squarely with the State." *Id.* at 570-71, 559 S.E.2d at 566–67.

Defendant's probation in 10 CRS 1409 was 18 months long, to be served at the expiration of his sentence in Wake County number 05 CRS 7502. According to the summary provided in Defendant's amendment to the record, Defendant's final discharge in 05 CRS 7502 was on 12 September 2008. Defendant's probation in 10 CRS 1409, therefore, would have run for 18 months following that date, ending 12 March 2010. The first violation report was filed 23 March 2010. Therefore, every violation report for 10 CRS 1409 was filed after Defendant's period of probation had ended and the trial court had no subject matter jurisdiction over Defendant. We therefore vacate the trial court's 22 August 2011 judgment revoking Defendant's probation in 10 CRS 1409.

## B. Lack of Subject Matter Jurisdiction to Revoke in 10 CRS 1399–1408

[5] Defendant next argues that the trial court lacked subject matter jurisdiction to revoke his probation in 10 CRS 1399-1408. Specifically, Defendant argues that the trial court that sentenced him in Alamance County was required to make findings of fact before it placed him on probation for a period greater than 30 months. Defendant argues that absent these findings, he could not have been placed on probation for more than 30 months. As a result, Defendant argues that the Wilson County Superior Court lacked jurisdiction when it revoked his probation in what was the 31st month of his probationary sentence.

However, evaluating Defendant's argument would necessarily require us to consider the propriety of the Alamance County trial court's original judgments placing Defendant on probation 5 January 2009. The record is silent as to whether Defendant appealed these judgments at the time they were entered. In any event, a request to review these judgments was not contained in either of Defendant's petitions for writ of certiorari.

Defendant argues that a probationer does not have to object to a condition of probation at the time probation is imposed, but may object "at a later time." *State v. Cooper*, 304 N.C. 180, 182, 282 S.E.2d 436, 438 (1981). However, the court in Cooper made it clear that "defendant cannot relitigate the legality of a condition of probation unless he raises the issue no later than the hearing at which his probation is revoked." *Id.* at 183–84, 282 S.E.2d at 439. ("The words 'at a later time' refer to the revocation hearing. It does not mean that a probationer has a perpetual right to challenge a condition of probation and may exercise such right for the first time at the appellate level.").

Accordingly, we decline to address Defendant's second argument when neither of the petitions for writ of certiorari requested review of the Alamance County judgments, Defendant failed to object to those judgments prior to his arguments to this Court, and those judgments were made final nearly four and a half years ago.

## C. Abuse of Discretion in Revoking Probation in All Eleven Cases

[6] Defendant lastly contends that the trial court abused its discretion when it revoked his probation in all eleven judgments, because there was insufficient evidence presented to find that Defendant had violated the terms of his probation. We disagree.

STATE v. WILLIAMS

[230 N.C. App. 590 (2013)]

> A proceeding to revoke probation [is] often regarded as informal or summary, and the court is not bound by strict rules of evidence. An alleged violation by a defendant of a condition upon which his sentence is suspended need not be proven beyond a reasonable doubt. All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion.

*State v. Tennant*, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000) (citations and quotation marks omitted) (alteration in original). An abuse of discretion occurs only when a court's decision "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Campbell*, 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005).

Defendant's arguments fail under this standard. Regardless of whether it would meet the standard of proof beyond a reasonable doubt, some evidence of Defendant's possession was presented. A firearm was found during a search of Defendant's home. Although Defendant testified that he didn't know about the gun, the judge stated, "I don't believe what he said on the stand." Since there was evidence of Defendant's possession of a firearm and the judge made the determination that Defendant was not telling the truth while testifying, we find no abuse of discretion in the trial court's revocations.

As "[t]he breach of any single valid condition upon which the sentence was suspended will support an order activating the sentence," we need not address Defendant's argument regarding the violation based on his having allegedly provided residential construction services. *State v. Braswell*, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973) (citation omitted).

## III. Conclusion

For the foregoing reasons, we vacate the judgment activating Defendant's sentence in 10 CRS 1409. We affirm the trial court's judgments in 10 CRS 1399–1408.

VACATED IN PART; AFFIRMED IN PART.

Chief Judge MARTIN and Judge ELMORE concur.