BRYANT, Judge.
 

 *160
 
 Where the State failed to meet the requirements of Rule 9(b), and where the State's evidence was insufficient to confer subject matter jurisdiction upon the trial court for the revocation of defendant's probation in Case Nos. 11 CRS 543-45, we vacate the judgments imposed in those cases. In Case Nos. 12 CRS 1214-19, we remand to the trial court for correction of clerical errors.
 

 On 13 January 2009, defendant Martin Luther Peele was indicted for two counts of obtaining property by false pretenses in violation of
 
 N.C. Gen. Stat. § 14100
 
 , a Class H felony. On 6 April 2009, defendant was indicted for thirty-one additional counts of obtaining property by false pretenses. In 2009, defendant was also charged with a Class 2 misdemeanor, fraudulent disposal of personal property on which there was a security interest, in violation of N.C. Gen.Stat. § 14-114. The charges of obtaining property by false pretenses arose from separate incidents occurring in 2007 and 2008. Defendant owned a business for the construction of metal buildings, and the charges alleged that in each case, defendant had received money to construct a building and then either failed to perform work or performed work that was defective.
 

 On 24 February 2010, a jury found defendant guilty of two charges of obtaining property by false pretenses, and defendant pled guilty to the misdemeanor charge of fraudulent disposal of personal property.
 

 *30
 
 The court imposed consecutive sentences in Case Nos. 11 CRS 543-45. Defendant was sentenced in Case No. 11 CRS 543 to a suspended sentence of thirty days imprisonment and placed on supervised probation for eighteen months for fraudulent disposal of personal property. In Case Nos. 11 CRS 544 and 545, defendant was given a suspended sentence of six to eight months imprisonment, placed on supervised probation for forty-eight months, and ordered to pay restitution in the amount of $5,360.00.
 

 On 1 March 2011, defendant entered pleas of guilty to twenty-seven charges of obtaining property by false pretenses and four charges of the misdemeanor offense of failing to perform work for which he had been paid, the latest of which occurred in April of 2007. Defendant's pleas were entered pursuant to a plea bargain under the terms of which he agreed to pay $45,276.47 as restitution to the victims of these offenses. The State agreed to dismiss other charges pending against defendant and to dismiss all charges arising from theses offenses that had been lodged against defendant's wife.
 

 The thirty-one charges were consolidated into six cases for purposes of sentencing, and consecutive sentences of eight to ten months
 
 *161
 
 imprisonment were imposed in each case. These sentences were suspended, and in each case defendant was placed on probation for sixty months. The following chart summarizes the judgments and the original terms of probation.
 

 Consecutive Sentences
 

 Original Term
 

 Judgment Date
 

 File No.
 

 Charge No./Nos.
 

 in 11 CRS 543-45
 

 of Probation
 

 10 February 2010
 

 11 CR 543
 

 09 CR 2992
 

 30 Days
 

 18 Months
 

 24 February 2010
 

 11 CRS 544
 

 08 CRS 51479
 

 6-8 Months
 

 48 Months
 

 24 February 2010
 

 11 CRS 545
 

 08 CRS 51481
 

 6-8 Months
 

 48 Months
 

 Consecutive Sentences in 12 CRS 1214-19
 

 1 March 2011
 

 12 CRS 1214
 

 08 CRS 55446, 55448, 55452, 55454, 55455, 55458, 55459, 55462
 

 8-10 Months
 

 60 Months
 

 1 March 2011
 

 12 CRS 1215
 

 08 CRS 55463, 55466, 55467, 55470, 56978, 56981, 56982, 56985, 56986
 

 8-10 Months
 

 60 Months
 

 1 March 2011
 

 12 CRS 1216
 

 08 CRS 56989, 56991, 56995, 56997
 

 8-10 Months
 

 60 Months
 

 1 March 2011
 

 12 CRS 1217
 

 08 CRS 57000, 57001, 57005, 57007
 

 8-10 Months
 

 60 Months
 

 1 March 2011
 

 12 CRS 1218
 

 08 CRS 57010, 57011, 57014
 

 8-10 Months
 

 60 Months
 

 1 March 2011
 

 12 CRS 1219
 

 08 CRS 57015, 57309, 09 CRS 50785
 

 8-10 Months
 

 60 Months
 

 On 7 August 2014, violation reports were filed in each of the nine cases discussed above-three cases from 2010 and six cases from 2011. All of the violation reports alleged that on 4 June 2014, defendant was convicted of obtaining property by false pretenses,
 
 *31
 
 in violation of the requirement that defendant commit no criminal offenses while on probation. On 15 October 2014, the trial court revoked defendant's probation in all nine cases and activated the prison sentences in each case.
 
 *162
 
 The trial court ordered the terms of imprisonment in Case Nos. 11 CRS 543-45 to be served consecutively, with these three consecutive sentences to be served concurrently with the six consecutive sentences activated in Case Nos. 12 CRS 1214-19. Defendant appealed to this Court from the judgments revoking his probation.
 

 _________________________
 

 On appeal, defendant argues (1) that the trial court lacked subject matter jurisdiction to revoke his probation in Case Nos. 11 CRS 543-45 and (2) the trial court made clerical errors in Case Nos. 11 CRS 544-45 and 12 CRS 1214-19 requiring remand for correction of those errors.
 

 I
 

 Defendant first argues that the trial court lacked subject matter jurisdiction to revoke his probation in Case Nos. 11 CRS 543-45 because the State failed to prove that the violation reports were timely filed. We agree.
 

 Defendant's Motion to Strike the State's Rule 9(b)(5) Supplement and All References to the Supplement in the State's Brief
 

 On 13 May 2015, defendant filed his appellant brief with this Court and served it on the State by email. On 12 June 2015, the State electronically filed its appellee brief and filed in person a Rule 9(b)(5) Supplement to the Printed Record on Appeal. On 18 June 2015, defendant filed a Motion to Strike the State's Rule 9(b)(5) Supplement and All References to the Supplement in the State's Brief. On 23 June 2015, the State filed a Response to defendant's Motion.
 

 In his Motion to Strike, defendant argues that the State's 9(b)(5) supplement fails to satisfy Rule 9 as the documents the State seeks to present to this Court in its supplement cannot be properly included as they were not introduced at the 15 October 2014 probation violation hearing. We agree and, for the reasons stated herein, grant defendant's motion to strike.
 

 Rule 9 of our Rules of Appellate Procedure governs the filing of the record on appeal. N.C. R.App. P. 9 (2015). In a criminal appeal, the record should contain all matters presented before the trial court, including
 

 copies of all other papers filed and statements of all other proceedings had in the trial courts which are necessary for an understanding of all issues presented on appeal, unless they appear in the verbatim transcript of proceedings which is being filed with the record pursuant to Rule 9(c)(2) [.]
 

 *163
 

 Id.
 

 9
 
 (a)(3)(i). Where the record on appeal is insufficient to answer the issues presented on appeal, the record may be supplemented by items allowed under Rule 9, so long as those items "could otherwise have been included pursuant to this Rule 9."
 

 Id.
 

 9
 
 (b)(5)(a).
 

 It is well-settled that this Court may "only consider the pleadings and filings before the trial court...."
 
 Twaddell v. Anderson,
 

 136 N.C.App. 56
 
 , 68,
 
 523 S.E.2d 710
 
 , 719 (1999) (citation omitted). This Court has specifically rejected the State's attempt to supplement the Settled Record on Appeal with documents that were never presented to the trial court in order to prove that a defendant's probation was tolled.
 
 See, e.g.,
 

 State v. Karmo,
 
 No. COA12-1209,
 
 2013 WL 4006648
 
 , *4-5 (N.C.Ct.App. Aug. 6, 2013) (unpublished).
 

 In
 
 Karmo,
 
 an unpublished case but directly on point here, the State filed a supplement to the record along with its brief containing documents tending to show that the defendant had received various criminal convictions stemming from incidents which took place while the defendant was on probation.
 

 Id.
 

 This Court categorically found that it "lack[ed] authority to consider the information contained in the supplemental materials presented for [this Court's] consideration by the State" because "the record before [this Court] contain[ed] no indication that the documents contained in the supplement ... were admitted into evidence at Defendant's revocation hearing."
 

 Id.
 

 Accordingly, this Court concluded that because
 

 *32
 
 nothing in the record developed before the trial court tend[ed] to show that Defendant committed any criminal offenses during, as compared to before or after, his initial probationary period. As a result, we have no choice but to conclude that
 
 the State failed to demonstrate that the trial court had jurisdiction
 
 to consider the revocation of Defendant's probation and the activation of Defendant's suspended sentence.
 

 Id.
 
 at *3 (emphasis added).
 

 Here, just like the State's supplement in
 
 Karmo,
 
 the State's Rule 9(b)(5) supplement was filed in order to submit to this Court certain documents which were not presented to the trial court which, had they been, would have conferred subject matter jurisdiction on the trial court to revoke defendant's probation in Case Nos. 11 CRS 543-45. But those documents were not introduced at the 15 October 2014 probation violation hearing in the trial court, even though it is the State's burden to establish jurisdiction in that court.
 

 *164
 

 State v. Williams,
 

 230 N.C.App. 590
 
 , 595,
 
 754 S.E.2d 826
 
 , 829 (2013) ;
 
 State v. Moore,
 

 148 N.C.App. 568
 
 , 571,
 
 559 S.E.2d 565
 
 , 566-67 (2002) ("The burden of perfecting the trial court's jurisdiction for a probation revocation hearing ... lies squarely with the State.");
 
 State v. Petersilie,
 

 334 N.C. 169
 
 , 175,
 
 432 S.E.2d 832
 
 , 835 (1993) ("North Carolina requires the State to prove jurisdiction beyond a reasonable doubt in a criminal case").
 

 The State argues that, because the documents included in the State's Rule 9(b)(5) Supplement were filed with the trial court in the case files of the former proceedings, and because they are necessary for an understanding of the issues presented on appeal, they are properly part of the record here. N.C. R.App. P. 9(a)(1)(j) (stating that the record on appeal shall contain "copies of all other papers filed and statements of all other proceedings had in the trial courts which are necessary for an understanding of all issues presented on appeal").
 

 However, the North Carolina Supreme Court has previously concluded that this Court does not act beyond its discretion when it denies the State's motion to amend the record to include documents which would be "sufficient to confer jurisdiction" on the trial court, where the record otherwise before this Court, absent the proposed amendment, "affirmatively shows a lack of jurisdiction."
 
 Petersilie,
 

 334 N.C. at 177-78
 
 ,
 
 432 S.E.2d at
 
 836-37 ;
 
 see also
 

 State v. Felmet,
 

 302 N.C. 173
 
 , 174, 176
 
 273 S.E.2d 708
 
 , 710-11 (1981) (concluding that this Court did not abuse its discretion in denying defendant's motion to amend the record to include "the judgment of the district court which reflected defendant's appeal therefrom to the superior court" in order to show how the superior court obtained subject matter jurisdiction over the case).
 

 Accordingly, we decline to invoke Rule 2 and allow a Rule 9(b)(5) supplement to function as the vehicle by which the State attempts to establish the trial court's jurisdiction where it failed to do so before.
 

 We address defendant's argument that the trial court lacked subject matter jurisdiction to revoke his probation in Case No. 11 CRS 543. For reasons set forth below, we address Case Nos. 11 CRS 544 and 545 separately.
 

 This Court reviews
 
 de novo
 
 the issue of whether a trial court had subject matter jurisdiction to revoke a defendant's probation.
 
 State v. Satanek,
 

 190 N.C.App. 653
 
 , 656,
 
 660 S.E.2d 623
 
 , 625 (2008) (citation omitted). "A court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute."
 

 *165
 

 Moore,
 

 148 N.C.App. at 569-70
 
 ,
 
 559 S.E.2d at 566
 
 (quoting
 
 State v. Hicks,
 

 148 N.C.App. 203
 
 , 204-05,
 
 557 S.E.2d 594
 
 , 595 (2001) ). When a sentence has been suspended and a defendant has been placed on probation on certain named conditions, the trial court may, "
 
 at any time during the period of probation,
 
 require defendant to appear before it, inquire into alleged violations of the conditions, and if found to be true, place the suspended sentence into effect."
 

 Id.
 

 However, "the State may not do so
 
 after the expiration period of probation
 
 except as provided in G.S. 15A-1344(f)."
 

 Id.
 

 "The burden of perfecting the trial court's jurisdiction for a probation revocation hearing after defendant's period of probation has expired lies squarely with the State."
 

 *33
 

 Id.
 
 at 571,
 
 559 S.E.2d at 566-67
 
 (citations omitted). The trial court may revoke probation after the expiration of the probation period only if the State filed a written violation report with the clerk
 
 prior to
 
 the expiration of the probation period. N.C. Gen.Stat. § 15A-1344(f) (2015). For purposes of determining when a document is considered "filed," the file stamp date is controlling. "Filed" means the original document has been "received in the office where the document is to be filed." N.C. Gen.Stat. § 15A-101.1(7)(a) (2015).
 

 The State bears the burden in criminal cases of "demonstrating beyond a reasonable doubt that a trial court has subject matter jurisdiction."
 
 Williams,
 

 230 N.C.App. at 595
 
 ,
 
 754 S.E.2d at
 
 829 (citing
 
 Petersilie,
 

 334 N.C. at 175
 
 ,
 
 432 S.E.2d at
 
 835 ). A "defendant may properly raise the issue of subject matter jurisdiction at any time, even for the first time on appeal."
 

 Id.
 

 (citation omitted). When the record "shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority."
 
 Moore,
 

 148 N.C.App. at 570
 
 ,
 
 559 S.E.2d at 566
 
 (quoting
 
 Petersilie,
 

 334 N.C. at 175
 
 ,
 
 432 S.E.2d at
 
 836 ).
 

 The violation report in 11 CRS 543 was not filed until 13 August 2014, as reflected by the file stamp at the top of the first page of the report. In the judgment suspending sentence, the trial court ordered only 18 months of probation. There are no orders extending probation and no tolling provisions apply. The effective date for N.C. Gen.Stat. § 15A-1344(g) (2009) applies only to offenses committed on or after 1 December 2009. 2009 N.C. Sess. Law 2009-327, § 11(b). The previous tolling provision, N.C. Gen.Stat. § 15A-1344(d) (2007), was removed in 2009 for "hearings held on or after December 1, 2009." 2009 N.C. Sess. Law 2009-372, § 11(a);
 
 see also
 
 N.C. Gen.Stat. § 1344(g),
 
 repealed by
 
 2011 N.C. Sess. Law 2011-62, § 3, eff. Dec. 1, 2011.
 

 *166
 
 The probationary period in 11 CRS 543 ended on 9 August 2011, 18 months after probation began on 10 February 2010. Therefore, the violation report with a file stamp of "13 August 2014" was filed too late to confer jurisdiction on the trial court to revoke defendant's probation and activate the suspended sentence.
 
 See
 
 N.C.G.S. § 15A-1344(f) ;
 
 Moore,
 

 148 N.C.App. at 569
 
 ,
 
 559 S.E.2d at 566
 
 .
 

 As stated above, a Rule 9(b) supplement to the record on appeal can only contain documents presented to the trial court.
 
 Twaddell,
 

 136 N.C.App. at 68
 
 ,
 
 523 S.E.2d at 719
 
 . As we have already established, the State's Rule 9(b)(5) supplement was filed in order to confer jurisdiction on the trial court, and the State otherwise failed to establish that the trial court had jurisdiction to consider the revocation of defendant's probation in Case No. 11 CRS 543.
 

 The State alleges that the documents, filed as a Rule 9 supplement, had they been properly introduced in the trial court below and made part of the record here, would confer jurisdiction on the trial court to revoke defendant's probation in Case No. 11 CRS 543. However, because this Court denies the State's 9(b)(5) supplement to the record, and the State cannot establish that the trial court had jurisdiction to consider the revocation of defendant's probation in Case No. 11 CRS 543, we vacate the judgment entered thereon.
 

 Case Nos. 11 CRS 544 and 545
 

 Defendant also argues that the trial court lacked subject matter jurisdiction to revoke his probation in Case Nos. 11 CRS 544 and 545. We agree.
 

 Defendant's probation cases under 11 CRS 544 and 545, for the same reasons discussed
 
 supra
 
 regarding Case No. 11 CRS 543, suffer from lack of jurisdiction. In the judgment suspending sentence, the trial court ordered 48 months of probation. There are no orders extending probation, and again, no tolling provisions apply in these cases. The probationary period ended on 23 February 2014-48 months after probation began on 24 February 2010. Accordingly, the violation reports filed on 13 August 2014 in both Case Nos. 11 CRS 544 and 545 were filed over five months after the expiration of the probationary period on 24 February 2014.
 

 *34
 
 Accordingly, the judgments entered in Case Nos. 11 CRS 544 and 545 are vacated.
 
 [1]
 

 *167
 

 II
 

 Defendant next argues that clerical errors were made in Case Nos. 12 CRS 1214-19, which require remand for correction. Defendant argues that the trial court marked boxes which indicated erroneously that, in the original judgments suspending sentence, the court found that the offenses involved assault, communicating threats, or another act defined in N.C. Gen.Stat. § 50B-1(a) and that defendant had a personal relationship, as defined by N.C. Gen.Stat. § 50-1(b), with the victim in Case Nos. 12 CRS 1214-19. We agree.
 

 A clerical error is an error "resulting from a minor mistake or inadvertence, in writing or copying something on the record, and not from judicial reasoning or determination."
 
 State v. Lark,
 

 198 N.C.App. 82
 
 , 95,
 
 678 S.E.2d 693
 
 , 702-03 (2009) (quoting
 
 State v. Jarman,
 

 140 N.C.App. 198
 
 , 202,
 
 535 S.E.2d 875
 
 , 878 (2000) ). "Clerical errors include mistakes such as inadvertently checking the wrong box on preprinted forms."
 
 Rudder v. Rudder,
 

 234 N.C.App. 173
 
 , 179,
 
 759 S.E.2d 321
 
 , 326 (2014) (citation omitted).
 

 "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth."
 
 Lark,
 

 198 N.C.App. at 95
 
 ,
 
 678 S.E.2d at 702
 
 (quoting
 
 State v. Smith,
 

 188 N.C.App. 842
 
 , 845,
 
 656 S.E.2d 695
 
 , 696 (2008) ). Further, where "the sentence imposed will not be affected by a recalculation of [a] [d]efendant's prior record points, it is not necessary that there be a new sentencing hearing."
 
 State v. Everette,
 

 237 N.C.App. 35
 
 , 43,
 
 764 S.E.2d 634
 
 , 639 (2014).
 

 Here, on six of the judgments entered upon revocation of probation in 12 CRS 1214-19, the trial court marked boxes indicating that the underlying offense involved assault, communicating a threat, or an act defined in N.C.G.S. § 50B-1(a), and that the defendant had a personal relationship with the victim as defined by N.C.G.S. § 50B-1(b).
 

 However, none of the original judgments suspending sentence support such findings. The respective boxes, denoted No. 10 on the preprinted forms (Form AOC-CR-603), for finding that "this is an offense involving assault or communicating a threat and that the defendant had a personal relationship as defined by G.S. 50B-1(b) with the victim" on the original judgments suspending sentence, all remain unmarked. It appears that the trial court "inadvertently" checked this box on these preprinted forms.
 

 *168
 
 The reason that remand is appropriate in this case for the correction of clerical errors is because any subsequent inquiry into defendant's criminal record will erroneously reflect that underlying offenses "involved domestic violence" on eight separate judgments.
 
 See
 
 generally N.C. Gen.Stat. § 15A-1382.1 (2015).
 

 Because the errors here do not affect the sentences imposed, and because failure to correct these errors could prejudice defendant, and defendant does not argue that new hearings are necessary, we remand this matter to the trial court for the correction of the aforementioned clerical errors.
 

 VACATED IN PART, REMANDED IN PART.
 

 Judge CALABRIA concurs.
 

 Judge ZACHARY concurs in the result only by separate opinion.
 

 Judge ZACHARY, concurring in result.
 

 I concur with the holding that, in the absence of the information contained in the State's supplement to the record, we are unable to determine that the trial court had jurisdiction over the probation revocation proceedings challenged by defendant on appeal. Given the decision not to exercise our authority under N.C.R.App. P. Rule 2 in
 
 *35
 
 order to allow the State to supplement the record, the judgments revoking defendant's probation in these cases must be vacated. I write separately in order to express my view that it would have been preferable to invoke Rule 2, in order to reach the merits of the issue of the trial court's jurisdiction.
 

 "The State bears the burden in criminal matters of demonstrating beyond a reasonable doubt that a trial court has subject matter jurisdiction."
 
 State v. Williams,
 

 230 N.C.App. 590
 
 , 595,
 
 754 S.E.2d 826
 
 , 829 (2013) (citing
 
 State v. Petersilie,
 

 334 N.C. 169
 
 , 175,
 
 432 S.E.2d 832
 
 , 835 (1993) ),
 
 disc. review denied,
 

 367 N.C. 298
 
 ,
 
 753 S.E.2d 670
 
 (2014). In
 
 Petersilie
 
 our Supreme Court held that, although this Court had not erred by denying the State's motion to amend the record to add the documents that established subject matter jurisdiction, the better approach is to grant such a motion:
 

 In [
 
 State v.
 
 ]
 
 Felmet,
 
 [
 
 302 N.C. 173
 
 ,
 
 273 S.E.2d 708
 
 (1981),] the defendant moved for leave to amend the record to include "the judgment of the district court which reflected
 
 *169
 
 defendant's appeal therefrom to the superior court" to show how the superior court obtained subject matter jurisdiction over his case. The Court of Appeals denied the motion. We concluded that the denial was a decision within the discretion of the Court of Appeals [.] ... Nevertheless, we held the record should be amended to reflect subject matter jurisdiction so that we could reach the substantive issue of the appeal. In so holding, we stated, "[this] is the better reasoned approach and avoids undue emphasis on procedural niceties." While we find no abuse of discretion on the part of the Court of Appeals in denying the State's motion to amend, we elect as we did in
 
 Felmet
 
 to allow the State leave to amend. When the record is amended to add the presentment, it is clear the superior court had jurisdiction[.]
 

 Petersilie,
 

 334 N.C. at 177-78
 
 ,
 
 432 S.E.2d at 837
 
 (quoting
 
 State v. Felmet,
 

 302 N.C. 173
 
 , 174, 176,
 
 273 S.E.2d 708
 
 , 710-11 (1981) ).
 

 My belief that it would have been preferable to invoke Rule 2 in this case in order to reach the merits of this issue is based in part on the longstanding rule that the " 'issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court
 
 sua sponte.
 
 ' "
 
 State v. Kostick,
 

 233 N.C.App. 62
 
 , 71-73,
 
 755 S.E.2d 411
 
 , 418 (quoting
 
 State v. Webber,
 

 190 N.C.App. 649
 
 , 650,
 
 660 S.E.2d 621
 
 , 622 (2008) ),
 
 disc. review denied,
 

 367 N.C. 508
 
 ,
 
 758 S.E.2d 872
 
 (2014). When the issue of subject matter jurisdiction is determined for the first time on appeal then, by definition, the issue was not litigated at the trial level. It is inconsistent to, on one hand, allow inquiry into the existence of jurisdiction for the first time at the appellate level, but on the other hand to restrict our analysis to consideration of documents presented at the trial level, where the issue was not even raised. However, given that we have not allowed the State to supplement the record, I concur in the result reached in this opinion.
 

 [1]
 

 Because we vacate the judgments, we do not remand for correction of the clerical errors that were a part of those judgments.