IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-395

Filed 3 December 2025

Guilford County, No. 23CR028675-400

STATE OF NORTH CAROLINA

       v.

JOHN MICHAEL CRABTREE

Appeal by Defendant from judgments entered 13 September 2024 by Judge Tonia A. Cutchin in Guilford County Superior Court. Heard in the Court of Appeals 14 October 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Douglas E. Conant, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Brandon B. Mayes, for the Defendant.*

WOOD, Judge.

John Michael Crabtree ("Defendant") appeals from judgments revoking his probation and activating his six to seventeen months consecutive sentences. On appeal, Defendant raises three issues: (1) the trial court lacked subject matter jurisdiction to hear the probation violations; (2) the trial court erred by revoking Defendant's probation for committing new crimes when there was no evidence his new convictions were greater than Class 3 misdemeanors; and (3) the trial court erred

by revoking Defendant's probation for absconding when there were no allegations, evidence or findings of absconding.

## I.    Factual and Procedural Background

On 27 June 2022, in Franklin County Superior Court, Defendant was convicted of one count of felony fraudulently burning a dwelling and one count of criminal conspiracy and sentenced to consecutive sentences of six to seventeen months of imprisonment for each charge.  The Franklin County Superior Court suspended the sentences for sixty months of supervised probation with special conditions: "Defendant shall be allowed to travel outside the state for work with prior notice to his probation officer. . . . May transfer to Guilford County for supervision."

On 31 August 2024, in Guilford County, Probation Officer McDougal ("Officer McDougal") filed two probation violation reports, both of which list Defendant's address as Washington, Pennsylvania.  The first violation report alleged Defendant failed to pay the restitution ordered, left North Carolina without obtaining permission, and committed three misdemeanors in Pennsylvania.  The second report alleged Defendant left North Carolina without obtaining permission and committed three misdemeanors in Pennsylvania.

On 9 September 2024, the trial court in Guilford County held Defendant's probation violation hearing.  At the hearing, the State read the probation violation reports.  Defendant admitted the violations alleged in the reports except for travelling to Pennsylvania without permission.    Defendant    argued    he    received    verbal

permission from his prior probation officer to travel to Pennsylvania for work. Officer McDougal testified he checked Defendant's probation file and that the narratives did not include a permission permit to travel to Pennsylvania. Officer McDougal stated:

> When I got the case, I noticed that he was on unavailable status. So I went through the narratives, and I saw that he had traveled to Pennsylvania. I looked for a travel permit. There was no travel permit. There was nothing in the narrative that said she gave him permission to travel to Pennsylvania. So I did my research, and I found out that he had got new convictions.

Once Officer McDougal learned of Defendant's new convictions in Pennsylvania, he filed violation reports and cited Defendant to court for a violation hearing. However, Defendant did not appear as ordered. Officer McDougal later learned that Defendant had been arrested and jailed in Pennsylvania for violating a protective order.

Defendant's attorney informed the trial court that Defendant believed he was authorized by his former probation officer to go to Pennsylvania for work. Defendant traveled to Pennsylvania after securing a job but did not start the job because before he could, a family altercation occurred that resulted in the new charges in Pennsylvania. Defendant's attorney contended the new Pennsylvania misdemeanors had not been classified by the trial court as anything above Class 3 and therefore could not be grounds to revoke Defendant's probation.

At the end of the hearing, the trial court concluded:

> The Court will find that on or about August 31st, 2023, it's alleged that [Defendant] left the state of North Carolina

without permission from his probation officer, was convicted of new charges in the state of Pennsylvania, and also failed to comply with the monetary obligations. After consideration of the record, the evidence presented, and review of the violation reports, this Court will find and conclude that [Defendant] did violate the terms and conditions of his probation. It was willful without lawful justification. It did occur during the period of supervised probation. And at least one of the violations in and of itself is sufficient basis that justifies revocation.

This Court will for good cause shown in the Court's discretion revoke [Defendant's] probation. I will activate the two consecutive sentences, 6 to 17 months.

On 13 September 2024, the trial court entered orders of revocation for each of the original charges. In its first order revoking Defendant's probation for his conviction for fraudulently burning a dwelling, the trial court determined Defendant waived the hearing and admitted the violations as set forth in paragraphs 1-3 of the violation report dated 31 August 2024 and then revoked probation "for the willful violation of the condition(s) that he/she not commit any criminal offenses, G.S. 15A-1343(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a), as set out above." The second order revoking Defendant's probation for his conspiracy conviction also stated, Defendant waived the hearing, admitted the violations as set forth in paragraphs 1-2 of the violation report 31 August 2024 but did not check the box revoking probation. Defendant filed timely appeal from these judgments on 27 September 2024.

## II. Analysis

On appeal, Defendant raises three issues: (1) the trial court lacked subject

matter jurisdiction to hear the probation violations; (2) the trial court erred by revoking Defendant's probation for committing new crimes when there was no evidence his new convictions were greater than Class 3 misdemeanors; and (3) the trial court erred by revoking Defendant's probation for absconding when there were no allegations, evidence or findings of absconding. We first address Defendant's petition for writ of certiorari.

**A. Petition for Writ of Certiorari**

Defendant filed a timely *pro se* notice of appeal on 27 September 2024 and the trial court entered Appellate Entries on 25 October 2024. Defendant acknowledges this notice was facially defective as it failed to direct his appeal to this Court and did not include a certificate of service on the prosecutor. On 27 May 2025, Defendant filed a writ of certiorari with this Court. Rule 21(a)(1) of our Rules of Appellate Procedure expressly allows this Court to issue a writ of certiorari to permit review of trial court orders pursuant to N.C. Gen. Stat. § 15A-1422(c)(3). N.C.R. App. P. 21(a)(1).

"Ultimately, the decision to issue a writ of certiorari rests in the sound discretion of the presiding court." *Cryan v. Nat'l Council of YMCAs of U.S.*, 384 N.C. 569, 573, 887 S.E.2d 848, 851 (2023). However, our Supreme Court has established a two-factor test to determine whether *certiorari* is appropriate: (1) whether the petitioner demonstrates merit and (2) extraordinary circumstances. *Cryan.*, 384 N.C. at 572, 887 S.E.2d. at 851. Additionally, this Court has granted petitions for writ of

certiorari where petitioners demonstrated good faith efforts in making a timely appeal and because the appeal had merit. *State v. Owens*, 917 S.E.2d 505, 510 (N.C. Ct. App. 2025).

In the case *sub judice,* Defendant clearly made a good faith and timely effort to appeal and has raised a meritorious argument involving subject matter jurisdiction. Therefore, we exercise our discretion to permit the writ of certiorari and address the merits of this case.

**B. Jurisdiction**

"[A] defendant may properly raise the issue of subject matter jurisdiction at any time, even for the first time on appeal." *State v. Williams*, 230 N.C. App. 590, 595, 754 S.E.2d 826, 829 (2013). "It is well settled that a court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." *State v. Tincher*, 266 N.C. App. 393, 395, 831 S.E.2d 859, 861 (2019). However, "[a] trial court must have subject matter jurisdiction over a case in order to act in that case." *State v. Reinhardt*, 183 N.C. App. 291, 292, 644 S.E.2d 26, 27 (2007). "The State bears the burden in criminal matters of demonstrating beyond a reasonable doubt that a trial court has subject matter jurisdiction." *Williams*, 230 N.C. App. at 595, 754 S.E.2d at 829.

In the case of probation violations, N.C. Gen. Stat. § 15A-1344(a) provides:

> probation may be reduced, terminated, continued, extended, modified, or revoked by any judge entitled to sit in the court which imposed probation and who is resident

> or presiding in the district court district as defined in G.S. 7A-133 or superior court district or set of districts as defined in G.S. 7A-41.1, as the case may be, ***where the sentence of probation was imposed, where the probationer violates probation, or where the probationer resides.***

N.C. Gen. Stat. § 15A-1344(a) (emphasis added).

Therefore, in the case *sub judice,* the State was required to "demonstrat[e] beyond a reasonable doubt" that Defendant was either (1) sentenced in Guilford County; (2) violated probation in Guilford County; or (3) resided in Guilford County. *Williams*, 230 N.C. App. at 595, 754 S.E.2d at 829. It is clear Defendant's sentence, and probation was imposed in Franklin County. The judgment imposing Defendant's sentence stated that his probation "[m]ay [be] transfer[red] to Guilford County for supervision," but did not transfer Defendant's probation to Guilford County. Although the violation was filed in Guilford County, the State does not contend that Defendant violated his probation in Guilford County but, rather, contends Defendant violated his probation in Pennsylvania by absconding and committing new crimes there. There is no indication in the record Defendant resided in Guilford County. The violation reports included in the record list Defendant's address as Washington, Pennsylvania. The only references to Guilford County are the initial trial court judgment from Franklin County which allowed Defendant's probation to be transferred to Guilford County for supervision and the probation violation reports that were filed in Guilford County.

Absent evidence that Defendant was a resident of the county at issue or violated probation in that county, a trial court's permissive statement that probation *may* be transferred is not enough to provide jurisdiction to the trial court. In *Ward*, we held "the trial court's statement in the actual Judgment that probation '[m]ay transfer to [another] County for supervision' cannot, in this context, reasonably be construed as granting the State unilateral authority to decide whether to transfer supervision to [that] County." *State v. Ward*, 278 N.C. App. 128, 135, 862 S.E.2d 20, 26 (2021). Without evidence beyond the initial trial court's statement that probation *may* be transferred to Guilford County, the Guilford County Superior Court did not have subject matter jurisdiction to hear Defendant's probation violation. "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *Williams*, 230 N.C. App. at 595, 754 S.E.2d at 829. We conclude the trial court lacked jurisdiction to revoke Defendant's probation and vacate the trial court's 13 September 2024 judgments. Because we vacate the probation revocation judgments, we need not address Defendant's remaining arguments on appeal.

## III. Conclusion

Because of the lack of evidence that Defendant was either (1) sentenced in Guilford County; (2) violated probation in Guilford County; or (3) resided in Guilford County, we vacate the trial court's judgments revoking Defendant's probation for lack

of subject matter jurisdiction.

VACATED.

Judges STROUD and CARPENTER concur.